**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>KIOXIA CORPORATION and KIOXIA AMERICA, INC.<br><br>    Defendants. | Case No. 6:21-cv-00400-ADA |
| SONRAI MEMORY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.<br><br>    Defendant. | Case No. 6:21-cv-01168-ADA |
| SONRAI MEMORY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Case No. 6:21-cv-00169-ADA |
| SONRAI MEMORY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 6:21-cv-00167-ADA |

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>          Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., LG<br>ELECTRONICS U.S.A., INC.,<br><br>          Defendants. | Case No. 6:21-cv-00168-ADA |
| SONRAI MEMORY LIMITED,<br><br>          Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC.,<br><br>          Defendant. | Case No. 6:21-cv-00361-ADA |
| SONRAI MEMORY LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 6:21-cv-401-ADA |
| SONRAI MEMORY LIMITED,<br><br>          Plaintiff,<br><br>v.<br><br>KINGSTON TECHNOLOGY COMPANY,<br>INC. and KINGSTON TECHNOLOGY<br>CORPORATION<br><br>          Defendant. | Case No. 6:21-cv-01284-ADA |

SONRAI MEMORY LIMITED,

        Plaintiff,

v.

AMAZON.COM, INC.

        Defendant.

Case No. 6:21-cv-00991-ADA

## DEFENDANTS' OPPOSED MOTION TO STAY
## <u>PENDING FINAL RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUITS</u>

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................1

II.  FACTUAL BACKGROUND ...........................................................................3

    A.   Plaintiff Sued Kioxia And Western Digital Relating To Their Manufacture And Sale Of The Accused Kioxia And Western Digital Chips ............................. 3

    B.   Plaintiff Sued Six Customer Defendants Relating To Their Sale Of Products Incorporating The Accused Kioxia And Western Digital Chips ............ 5

    C.   Kioxia Moved To Intervene In The Western Digital Case ..................................... 7

    D.   Plaintiff Expanded Its Case Against Samsung To Accuse Products Incorporating The Accused Samsung Chips .......................................................... 8

    E.   Plaintiff Sued Amazon Relating To Its Sale Of Products Incorporating The Accused Kioxia And Western Digital Chips And Accused SEC Chips ................. 9

III. LEGAL STANDARD ........................................................................................10

IV.  ARGUMENT ....................................................................................................11

    A.   Disposition Of The Manufacturer Cases Will Dispose Of The Customer Cases ................................................................................................ 11

        1.   Kioxia, Western Digital, and SEC hold the relevant evidence and the Customer Defendants incorporate the Accused Chips "as is." ............13

        2.   The Customer Defendants agree to be bound by infringement decisions in the Manufacturer Cases as applicable. .................................14

        3.   The Manufacturer Defendants are the only sources of the Accused Chips. ............................................................................................16

        4.   The Manufacturer Cases also will resolve damages issues. ......................16

    B.   This Court's Previous Decisions Support A Stay In This Case ........................... 17

    C.   The Traditional Stay Factors Also Warrant A Stay Of Plaintiff's Claims .......... 18

V.   CONCLUSION ................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Red River Waterway Comm'n*,
   231 F.3d 211 (5th Cir. 2000) ...............................................................10

*Collaborative Agreements, LLC. v. Adobe Sys., Inc.*,
   No. 1-14-CV-356, 2015 WL10818739 (W.D. Tex. Aug. 21, 2015) ..........................12, 16, 17

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
   No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ...............................19

*CyWee Grp. Ltd. v. Huawei Device Co.*,
   No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018)..................12, 14, 16

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
   2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) .........................................................12

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
   Case No. 16-cv-00618-RWS-RP, 2017 WL 365398 (E.D. Tex. Jan. 24, 2017) ...................18

*In re Google*,
   588 F. App'x 988, 990 (Fed. Cir. 2014) ................................................11, 17, 18

*Innovative Foundry Tech. v. SMIC*,
   6:19-cv-00719, Dkt. No. 197 (W.D. Tex. Dec. 30, 2020) (Albright, J.) ................3, 16, 17, 18

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990).........................................................10, 11, 14, 16

*Kirsch Rsch. & Dev. v. Bluelinx Corp.*,
   Case No. 6:20-cv-00316-ADA, Dkt. No. 82
   (W.D. Tex. Oct. 4, 2021) (Order) .............................................................. *passim*

*Mantissa Corp. v. Old Second Bancorp, Inc.*,
   No. 17 C 9175, 2018 WL 3059604 (N.D. Ill. June 20, 2018) ....................................12, 13, 15

*Milo & Gabby, LLC v. Amazon.com*,
   144 F. Supp. 3d 1251 (W.D. Wash. 2015), *aff'd sub nom. Milo & Gabby LLC
   v. Amazon.com, Inc.*, 693 F. App'x 879 (Fed. Cir. 2017).........................................10

*Motion Offense, LLC v. Sprouts Farmers Mkt., Inc.*,
   No. 6:19-CV-00417-ADA, 2020 WL 4561594 (W.D. Tex. Jan. 26, 2020)
   (Albright, J.)...............................................................................................18

*In re Nintendo*,
    544 F. App'x 934 (Fed. Cir. 2013) ........................................................................14

*In re Nintendo*,
    756 F.3d 1363 (Fed. Cir. 2014) ................................................................... *passim*

*In re Papst Licensing GmbH & Co. KG Litig.*,
    767 F. Supp. 2d 1 (D.D.C. 2011) .........................................................................13

*Richmond v. Forever Gifts, Inc.*,
    2015 WL 11120883 (N.D. Tex. Mar. 18, 2015) ...............................................13,14

*RPost Holdings, Inc. v. DocuSign, Inc.*,
    2019 WL 1982531 (E.D. Tex. May 3, 2019) .......................................................14

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011) ...........................................................................11

*SyncView Techs. v. Grande Commc'ns Networks*,
    2019 WL 7758916 (W.D. Tex. 2019) ...................................................................16

*Wapp Tech Ltd. P'ship v. Hewlett-Packard Enters.*,
    No. 4:18-CV-468-ALM, 2019 WL 3818761 (E.D. Tex. Aug. 14, 2019) ...............16

*WP Banquet, LLC v. Target Corp.*,
    2016 WL 9450448 (C.D. Cal. Dec. 15, 2016) ......................................................15

Pursuant to the customer suit doctrine, Apple Inc. ("Apple"), Dell Technologies Inc. ("Dell"), Google LLC ("Google"), LG Electronics Inc. and LG Electronics U.S.A., Inc. ("LG"), Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (together, "Samsung"), Kingston Technology Company, Inc. and Kingston Technology Corporation (together, "Kingston"), and Amazon.com, Inc. ("Amazon") (collectively, the "Customer Defendants") respectfully request that the Court stay these cases with respect to claims that are also being concurrently litigated in this District in cases that Plaintiff Sonrai Memory Limited ("Sonrai") filed against the suppliers of the accused semiconductor chips, Kioxia Corporation ("KIC") and Kioxia America, Inc. ("KAI") (together, "Kioxia'), Western Digital Technologies, Inc. ("Western Digital"), and SEC[1] (collectively, the "Manufacturer Defendants"). Specifically, the Customer Defendants and Manufacturer Defendants jointly request that the Court stay Plaintiff's claims that downstream products that contain chips supplied by Kioxia and Western Digital allegedly infringe U.S. Patent No. 6,724,241 (the "'241 patent") and/or U.S. Patent No. 7,436,232 (the "'232 patent"), pending final resolution of Sonrai's claims that those chips infringe those patents. Customer Defendants Amazon and Samsung further request the Court stay Sonrai's claims that downstream products that contain chips supplied by SEC allegedly infringe the '241 patent, pending final resolution of Plaintiff's claims that those accused chips infringe that patent.

## I.  <u>INTRODUCTION</u>

Plaintiff accuses NAND flash chips supplied by the Manufacturer Defendants of infringement. Despite the fact that Plaintiff's infringement allegations concern only the accused NAND flash chips from the Manufacturer Defendants, Plaintiff did not limit its patent lawsuits to

---

[1] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the accused KIC and Western Digital chips, and a Manufacturer Defendant, because it also manufactures its own chips that Sonrai separately accuses of infringement.

those three entities.  Instead, Plaintiff filed six additional lawsuits against Customer Defendants, accusing downstream products of alleged infringement based solely on the fact that those downstream products contain the accused NAND flash chips.  Plaintiff's claims relating to those downstream products should be stayed because disposition of Plaintiff's claims relating to the manufacture and design of the chips themselves (the "Manufacturer Cases") will resolve Plaintiff's claims.  The Manufacturer Cases are (1) the Kioxia and Western Digital cases as to the Accused Kioxia and Western Digital Chips, and (2) the Samsung case as to the Accused Samsung Chips.

Plaintiff asserts in every case (nine cases total) that the accused "SanDisk/Toshiba 64L 3D NAND flash chips" with the die identifier FRN1256G ("Accused Kioxia and Western Digital Chips") infringe the '241 patent.  Plaintiff's complaints in all nine cases include virtually identical '241 patent infringement claim charts directed to the Accused Kioxia and Western Digital Chips. Plaintiff's case against Dell also includes a claim that Dell infringes the '232 patent based solely on the fact that Dell products include the *same* "SanDisk/Toshiba 64L 3D NAND flash chips" accused of infringing the '241 patent.  *Sonrai Memory Ltd. v. Dell Technologies, Inc.*, Case No. 6:21-cv-00361-ADA (W.D. Tex.), D.I. 1.  As explained below, KIC (formerly Toshiba Memory Corporation) and Western Digital co-designed the Accused Kioxia and Western Digital Chips and sell the chips under their respective brand names.  As to the '241 and '232 patent allegations, the circuit design of the accused chips sold is identical.  In short, Kioxia and Western Digital are the true parties-in-interest as to the Accused Kioxia and Western Digital Chips with respect to Plaintiff's '241 and '232 patent infringement claims against the Customer Defendants.

Furthermore, Plaintiff asserts in two cases (against Samsung and Amazon) that SEC-designed and manufactured NAND flash circuits with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B (the "Accused Samsung Chips") infringe the '241 patent.  Plaintiff's

complaints against Samsung and Amazon also accuse downstream products that incorporate the Accused Samsung Chips, though the contentions concern only the accused chips. As explained below, SEC designed the chips and incorporates them into downstream products, which customers sell unaltered. Thus, SEC is the true party-in-interest as to the Accused Samsung Chips with respect to Plaintiff's '241 infringement claims.

Here, as in the Court's *Innovative Foundry Tech. v. SMIC* decision, a stay of the Customer Defendants and downstream products is appropriate to promote efficiency and judicial economy. Case No. 6:19-cv-00719, Dkt. No. 197 (W.D. Tex. Dec. 30, 2020) (Albright, J.). There, Innovative Foundry alleged infringement by semiconductor chips, filing suit against both chip manufacturers and customers who incorporated the chips into downstream products. *Id.* at 2-3. The Court stayed the case as to the claims against the customer defendants because the "case against the manufacturer ha[d] the potential to resolve the major issues against those customer defendants." *Id.* at 2-3. Here, as in that case, Plaintiff's infringement allegations focus solely on the accused chips (*i.e.*, the Accused Kioxia and Western Digital Chips and Accused Samsung Chips), and the Manufacturer Cases will resolve "the major issues" against the Customer Defendants. Further, the Customer Defendants have agreed to be bound by the infringement determinations in the Manufacturer Cases, as discussed below. Accordingly, the Court should stay Plaintiff's '241 and '232 patent claims against the Customer Defendants and downstream products.[2]

## II.   FACTUAL BACKGROUND

### A.   Plaintiff Sued Kioxia And Western Digital Relating To Their Manufacture And Sale Of The Accused Kioxia And Western Digital Chips

---

[2] Under the requested stay, Plaintiff's case against Samsung would (1) be stayed as to Accused Kioxia and Western Digital Chips and the downstream products that contain Accused Samsung Chips; and (2) proceed in parallel and in coordination with Kioxia and Western Digital cases as to the Accused Samsung Chips. Plaintiff's case against Kioxia and Western Digital would be stayed as to downstream products that contain Accused Kioxia and Western Digital Chips.

Plaintiff filed its complaint against Kioxia in this District in April, 2021, accusing products with "SanDisk/Toshiba 64L 3D NAND flash chips" of infringing the '241 patent.[3]   About two months later, Sonrai filed its complaint in the Central District of California ("the CDCA") against Western Digital accusing the same SanDisk/Toshiba 64L 3D NAND flash chips of infringing the '241 patent.[4]   KIC and Western Digital collaborate in designing certain NAND flash memory semiconductor products, including the Accused Kioxia and Western Digital Chips.  Decl. of Hitoshi Shiga ISO Motion ("Shiga Decl.") (declarations filed herewith), ¶ 6.  KIC manufactures the Accused Kioxia and Western Digital Chips in wafer form.  *Id*. ¶ 11.  The Accused Kioxia and Western Digital Chips have the same circuit design with respect to the '241 and '232 patent allegations, even though the brand name on the chip may be either Kioxia/Toshiba or SanDisk.  *Id*.

KIC and Western Digital employ the individuals responsible for developing and designing the Accused Kioxia and Western Digital Chips, and they also have the documents related to design and operation of the accused circuitry of those chips.  Shiga Decl. ¶¶ 7, 9; Decl. of Western Digital's Luca Fasoli ISO Motion ("Fasoli Decl."), ¶¶ 7, 8.   KIC also controls the factual information, know-how and documents related to, and employs the engineers and employees involved in, the manufacture of the Accused Kioxia and Western Digital Chips (in the form of semiconductor wafers).  Shiga Decl., ¶ 8.

Downstream customers may acquire and incorporate Accused Kioxia and Western Digital Chips into their downstream products.  Shiga Decl., ¶ 10; Fasoli Decl. ¶ 9.  But, because information regarding the design and manufacture of the accused chips is proprietary and strictly

---

[3] *Sonrai Memory Ltd. v. Kioxia Corp. et. al*, Case No. 6:21-cv-00400-ADA (W.D. Tex.), D.I. 1 ¶¶ 10, 13, Ex. 2.
[4] *Sonrai Memory Ltd. v. Western Digital Technologies, Inc.*, Case No. 8:21-cv-01040-CJC-JDE (C.D. Cal.) *now* 6:21-cv-01168-ADA (W.D. Tex)), D.I. 1, ¶¶ 10, 13, Ex. 2.

confidential, KIC and Western Digital do not share it with customers and it remains in the exclusive possession of the KIC and/or Western Digital.  Shiga Decl., ¶ 9; Fasoli Decl. ¶ 8.  Thus, the Customer Defendants do not have possession, custody, or control of the factual information and related documentation that shows the design, manufacture and operation of the accused circuitry of the Accused Kioxia or Western Digital Chips.

### B.    Plaintiff Sued Six Customer Defendants Relating To Their Sale Of Products Incorporating The Accused Kioxia And Western Digital Chips

Plaintiff next sued six downstream customers of the Accused Kioxia and Western Digital Chips—Apple, Dell, Google, LG, Samsung, and Kingston—based solely on the customers' sale of products (such as mobile phones or tablets) that include the *same* chips accused of infringement in the Kioxia and Western Digital lawsuits.[5]  Each Customer Defendant Complaint contains a count for infringement of the '241 patent, supported by the same eight paragraphs of infringement allegations.  *See* footnote 5.  The complaint against Dell also includes a count for infringement of the '232 patent that is also premised entirely on the use of the Accused Kioxia and Western Digital Chips.  Kioxia and Western Digital are the exclusive source of the Accused Kioxia and Western Digital Chips for the Customer Defendants.  Decl. of Apple's Mark Rollins ISO Mot. ("Rollins

---

[5] *See Sonrai Memory Ltd. v. Google LLC*, Case No. 6:21-cv-00167-ADA (W.D. Tex.), D.I. 1, ¶¶ 17-24, Ex. 4; *Sonrai Memory Ltd. v. LG Electronics Inc; LG Electronics U.S.A., Inc.*, Case No. 6:21-cv-00168-ADA (W.D. Tex.), D.I. 1, ¶¶ 18-25, Ex. 6; *Sonrai Memory Ltd. v. Samsung Electronics Co., Ltd; Samsung Electronics America, Inc.*, Case No. 6:21-cv-00169-ADA (W.D. Tex.), D.I. 11, ¶¶ 9-16, Ex. 7; *Sonrai Memory Ltd. v. Dell Technologies, Inc.*, Case No. 6:21-cv-00361-ADA (W.D. Tex.), D.I. 1, ¶¶ 8-15, Ex. 2; *Sonrai Memory Ltd. v. Apple Inc.*, Case No. 6:21-cv-00401-ADA (W.D. Tex.), D.I. 1, ¶¶ 8-15, Ex. 2; *Sonrai Memory Ltd. v. Kingston Tech. Company, Inc; Kingston Tech. Corp.*, Case No. 8:21-cv-01039-CJC (C.D. Cal.), D.I. 1, ¶¶ 10-16, Ex. 2 *now* Case No. 8:21-cv-01168-ADA (W.D. Tex.).  Each of the six complaints has the same 8 paragraphs alleging infringement of the '241 patent based on Accused Kioxia and Western Digital Chips, while the Kingston complaint has 7 paragraphs as Sonrai did not assert inducement. Plaintiff's complaint against Amazon alleges certain products sold on Amazon include either the Accused Kioxia and Western Digital Chips or the Accused Samsung Chips and thus infringe the '241 patent.  *Sonrai Memory Ltd. v. Amazon.com,* Case No. 6-21-cv-00991-ADA (W.D. Tex.), D.I. 1, ¶¶ 8-12, Ex. 2. Sonrai did not assert indirect infringement or seek an injunction.  *Id.*

Decl.") ¶ 6; Decl. of Sumit Ray ISO Mot. ("Ray Decl.") ¶ 6; Decl. of Google's Madhav Chitlu ISO Mot. ("Chitlu Decl."), ¶ 4; Decl. of LG's Donghwan Lee ISO Mot. ("Lee Decl."), ¶ 6; Decl. of Samsung's YoungMo Koo ISO Motion, ("Koo Decl."), ¶ 5; Decl. of Kingston's Nathaniel Steffens ISO Mot. ("Steffens Decl.") ¶ 6. Customers (including Customer Defendants) do not have the ability to make any modifications to the circuits accused of infringing the '241 and '232 patents and instead integrate the Accused Kioxia and Western Digital Chips "as is" with respect to their circuit designs. Shiga Decl. ¶ 10; Fasoli Decl. ¶ 9; Rollins Decl. ¶ 7; Ray Decl. ¶ 7; Lee Decl. ¶ 7; Chitlu Decl. ¶ 5; Koo Decl. ¶ 6; Steffens Decl. ¶ 7.

Thus, the only allegation against the Customer Defendants is that they sell end products "with SanDisk/Toshiba 64L 3D NAND flash chips." None of the Customer Defendant Complaints includes allegations that a Customer Defendant performs any unique infringing activity—rather, the alleged infringement consists entirely of the incorporation of the accused Kioxia and Western Digital chips into the customers' products. *See* footnote 5. In fact, Sonrai has dismissed its indirect infringement claims.[6] As to the '241 patent, the only differences among the Customer Defendant Complaints are the name of the defendant and the name of the exemplary end product. For each customer, Sonrai provided the same '241 patent infringement claim chart that it had attached to the Western Digital and Kioxia complaints, which compares claim 1 of the '241 patent to the same purported teardown analysis of "the charge pump circuit of the SanDisk/Toshiba 3D NAND flash chip, die identifier FRN1256G." D.I. 1 (Kioxia) at Ex. 2 (claim chart) at 3-38; D.I. 1 (Western Digital), Ex. 2 (claim chart) at 3-38; *see* fn. 5, *supra* (identifying exhibits to complaint). Further, all of Sonrai's initial infringement contention claim charts as to the Accused Kioxia and Western

---

[6] Case No. 6:21-cv-00169-ADA (Samsung), D.I. 23; Case No. 6:21-cv-00361-ADA (Dell), D.I. 22; Case No. 6:21-cv-00401-ADA (Apple), D.I. 19; Case No. 6:21-cv-00167-ADA (Google), D.I. 23; Case No. 6:21-cv-00168-ADA (LG), D.I. 15; Case No. 6-21-cv-00400-ADA (Kioxia), D.I. 24.

Digital Chips for the '241 patent make the exact same allegations.[7]  As to Plaintiff's allegations

that Dell infringes the '232 patent, those are similarly premised solely on Dell's use of the Accused

Western Digital and Kioxia Chips, and Western Digital and Kioxia have asserted declaratory relief

counterclaims of non-infringement and invalidity of the '232 patent.  6:21-cv-01168-ADA

(Western Digital), D.I. 18 (answer); 6:21-cv-00400 (Kioxia), D.I. 31 (answer).  In addition, Kioxia

and Western Digital each have contractual obligations to defend their respective customers against

the allegations of infringement of the '241 and '232 patents and, as such, are and will be defending

and indemnifying their respective customers in accordance with those contractual obligations.

Decl. of Kioxia's Scott Nelson ISO Motion ("Nelson Decl."), ¶¶ 7, 8; Decl. of Western Digital's

Kyle McElroy ISO Motion ("McElroy Decl."), ¶¶ 7, 8.  Thus, resolving the controversy between

Plaintiff and Western Digital/Kioxia will resolve Plaintiff's allegations against all customers as to

infringement by the Accused Kioxia and Western Digital Chips of the '241 and '232 patents.

### C.     Kioxia Moved To Intervene In The Western Digital Case

Plaintiff effectively split its claim on the same patent and the same products by filing its

lawsuit against supplier Kioxia in Texas, and then subsequently filing its lawsuit against supplier

Western Digital in California accusing the *same* products of infringing the *same* '241 patent, while

at the same time suing seven customers (six in this District) for infringement of the '241 patent by

selling products incorporating the same accused products.  Plaintiff thereby created significant

inefficiencies for both the courts and the parties and the risk that two different courts (and multiple

juries) could make inconsistent findings on identical claim construction, infringement, validity,

and damages issues.  To avoid these inefficiencies, Kioxia filed a motion to intervene in Sonrai's

---

[7] *See* Decl. of Carrie Williamson ISO Mot. ("Williamson Decl."), Ex. A ('241 initial infringement
contention chart against Kioxia); Ex. B (Samsung); Ex. |C (Dell); Ex. D (Apple); Ex. E (Google);
Ex. F (LG); Ex. G (Western Digital).  Plaintiff has not yet served infringement contentions in the
Kingston and Amazon cases.

case against Western Digital in the CDCA, thereby permitting the entire dispute with respect to the '241 patent to be defended in a single case by the two true defendants, Kioxia and Western Digital.  The subsequent transfer of the Western Digital and Kingston cases to this District now permits this Court to resolve *all* claims pertaining to the Accused Kioxia and Western Digital Chips at once in the Kioxia and Western Digital Manufacturer Case.  Indeed, when Plaintiff argued that the CDCA should transfer the Western Digital case (that *Plaintiff* chose to file in the CDCA) to this District, Plaintiff emphasized the substantial overlap among cases:

> Here, there are seven cases pending in the Western District of Texas that involve the same plaintiff, that are all before the same judge, and that all involve at least one of the same patents as in the case against Western Digital.  *See supra* §§ II.A-II.B. Six of those Texas cases have identical case schedules.  *See supra* § II.B. Critically, the seven Texas cases and the case against Western Digital all involve infringement allegations of the ***same patent*** by the ***same Accused Flash Chips.***  *See supra* §§ II.A-II.B. In addition, one of the Texas cases is against Kioxia, with whom Western Digital jointly developed the Accused Flash Chips.  *See supra* § II.C. Indeed, as Western Digital's joint venture partner Kioxia recognized in its motion to intervene, "a single, consistent determination of whether that design [of the Accused Flash Chips] infringes the asserted claims of the '241 and '232 patents is both warranted and the most efficient use of judicial and the parties' resources." Dkt. No. 48 at 2; *see also id.* at 15-16; Dkt. No. 49 at 13.

Williamson Decl., Ex. H (Plaintiff's Response Br.) at 12 (emphasis in original).

Kioxia, Western Digital, and the Customer Defendants agree that, as Plaintiff told the CDCA, a single, consistent determination of whether the Accused Kioxia and Western Digital Chips infringe the '241 and '232 patents is both warranted and most efficient.  The best way to effectuate this agreed-upon goal is to stay the '241 and '232 patent claims against the Customer Defendants pending the resolution of the identical claims in the Manufacturer Cases.

### D.    Plaintiff Expanded Its Case Against Samsung To Accuse Products Incorporating The Accused Samsung Chips

After Kioxia moved to intervene in the CDCA, Plaintiff amended its infringement contentions in the Samsung case to add an assertion that SEC downstream products (such as mobile

phones) that incorporate the Accused Samsung Chips also infringe the '241 patent.  Williamson

Decl., Ex. I (9/13/21 Amended Contentions).   SEC employs the engineers who developed,

designed and manufactured the Accused Samsung Chips and also has the documents related to

design, operation and manufacture of the accused circuitry of the Accused Samsung Chips.  Koo

Decl., ¶¶ 11, 12. SEC does not share this confidential and proprietary information with customers,

and it remains in the exclusive possession of SEC.  *Id*.  Thus, customers do not have possession,

custody, or control of the factual information and related documentation that shows the design,

manufacture and operation of the accused circuitry of the Accused Samsung Chips.  SEA is merely

a customer and reseller of downstream products that incorporate the Accused Samsung Chips (as

well as the Accused Kioxia and Western Digital Chips).  Koo Decl., ¶¶ 13, 7.

### E. Plaintiff Sued Amazon Relating To Its Sale Of Products Incorporating The Accused Kioxia And Western Digital Chips And Accused SEC Chips

Months after filing suit against the Manufacturer Defendants, Plaintiff filed suit against

Amazon, alleging that Amazon infringes the '241 patent based solely on its resale of downstream

products of other defendants that incorporate Accused Kioxia and Western Digital Chips or

Accused Samsung Chips.  Case No. 6-21-cv-00991-ADA (W.D. Tex.), D.I. 1, ¶¶ 8-12, Ex. 2.  As

to the Accused Kioxia and Western Digital Chips, the complaint has substantially the same

paragraphs alleging direct infringement of the '241 patent as Plaintiff's earlier-filed complaints

and identified the *same* accused downstream products as in the complaints in the LG, Google, and

Samsung Customer cases.  *Id.*  As to the Accused Samsung Chips, the allegation is based solely

on Amazon's sale of products that allegedly incorporate those chips and identifies the same

exemplary downstream product (*i.e.*, Samsung Galaxy S21) identified in Plaintiff's amended

infringement contentions against Samsung.  *Id.*  SEC's downstream customers who acquire and

incorporate Accused Samsung Chips into their downstream products do not have the ability to

make any modifications to the chips accused of infringing the '241 patent and instead integrate the chips "as is" with respect to their circuit designs.   Koo Decl., ¶ 15.   Indeed, Amazon merely acquires the accused downstream products and resells them on its website without modification.[8] Plaintiff does not allege that Amazon performs any unique infringing activity; rather, the alleged infringement consists entirely of the resale of the products already at issue in the LG, Google, and Samsung Customer Cases that incorporate the accused chips.   Amazon has sought indemnification as to the patent infringement claims regarding the '241 patent.   Decl. of Lara Rogers ISO Motion ("Rogers Decl."), ¶ 3.

## III.   LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy.   *Kirsch Rsch. & Dev. v. Bluelinx Corp.,* Case No. 6:20-cv-00316-ADA, Dkt. No. 82 (W.D. Tex. Oct. 4, 2021) (Order) at 3 (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)).   And, as here, "[w]here suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy."   *Kirsch*, Dkt. No. 82 at 3 (citing *In re Nintendo*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014).   This is because "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."   *Kirsch*, Dkt. No. 82 at 3 (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).   The precedence of the manufacturer litigation over the customer litigation arises from judicial aversion to "imposing the burdens of trial on the customer"

---

[8] Certain of the accused products appear to be sold exclusively by third-party sellers on Amazon.com.  Amazon believes that no infringement can be found as to Amazon based on sales by third parties and, absent a stay, intends to raise this issue at the appropriate time in the case. *See Milo & Gabby, LLC v. Amazon.com*, 144 F. Supp. 3d 1251 (W.D. Wash. 2015), *aff'd sub nom. Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879 (Fed. Cir. 2017).

(*In re Nintendo*, 756 F.3d at 1365); the manufacturer's greater interest in resisting "an adverse ruling against its products" (*Katz*, 909 F.2d at 1464); and the substantial efficiencies gained by streamlining piecemeal customer litigation into a single manufacturer case. *In re Google*, 588 F. App'x 988, 990 (Fed. Cir. 2014).

The standard for staying a customer case is not high: "the case involving the manufacturer 'need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue.'" *Kirsch,* Dkt. No. 82 at 4 (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011)).  The Federal Circuit's decision in *In re Google* emphasized that the plaintiff served "nearly identical infringement contentions to all defendants" relying on functionalities in code provided by Google and noted that the overlap "strongly suggests there will be substantial similarity involving the infringement and invalidity issues in all the suits." *In re Google*, 588 F. App'x at 990.  Where there is such a substantial overlap of issues, "[s]ince [the manufacturer's] liability is predicate to recovery from any of the defendants, the case against [the manufacturer] ***must*** proceed first." *In re Nintendo*, 756 F.3d at 1366 (emphasis added).  This court has analyzed three factors to determine whether a customer suit should be stayed: (1) whether the customer is merely a reseller; (2) whether the customer agrees to be bound by a decision in the manufacturer case; and (3) whether the manufacturer is the only source of the accused infringing products. *Kirsch,* Dkt. No. 82 at 4.

## IV.  ARGUMENT

### A.  Disposition Of The Manufacturer Cases Will Dispose Of The Customer Cases

When a manufacturer's "liability" is not merely related, but "is predicate to recovery from any of the defendants, the case against [the manufacturer] must proceed first." *In re Nintendo*, 756 F.3d at 1366.  "This inquiry is simplest—and the customer-suit exception most apt—where the

customer is accused of directly infringing apparatus claims." *Mantissa Corp. v. Old Second Bancorp, Inc.*, No. 17 C 9175, 2018 WL 3059604, at *5 (N.D. Ill. June 20, 2018) (citing *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2016 WL 1659924, at *4 (E.D. Tex. Apr. 26, 2016) (Bryson, Circuit J.)). That is "because the manufacturer's liability will necessarily turn on whether the accused product satisfies every limitation of those claims, and a resolution of that issue in the manufacturer's suit will also resolve whether the customer infringes." *Id.*

Here, because Plaintiff's infringement allegations as to all defendants are based solely on the design of the Accused Kioxia and Western Digital Chips and/or the Accused Samsung Chips (collectively, the "Accused Chips"), the Manufacturer Defendants are the true defendants. Indeed, there is no dispute that disposition of Plaintiff's claims relating to the manufacture of the Accused Chips will resolve whether each Customer Defendant infringes. Plaintiff asserts the same claims (claims 1-3, 6-8, and 11) of the same patent (the '241 patent) against the same Accused Chips based on the same infringement analysis (identical claim charts) against both the Customer Defendants and the Manufacturer Defendants.[9] As explained in section II.B, Plaintiff's *identical* allegations and claim charts make clear that "[t]he infringement case against all [Customer] Defendants will rise and fall with the question of whether [the Accused Chips are] found to infringe the claims of the patent," justifying a stay. *Collaborative Agreements, LLC. v. Adobe Sys., Inc.*, No. 1-14-CV-356, 2015 WL10818739, at *2 (W.D. Tex. Aug. 21, 2015). The exclusive focus of Plaintiff's allegations in every case is the Accused Chips, "without which the alleged infringement by the [Customer Defendants] would not be possible." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *6 (E.D. Tex. Aug. 22, 2018).

---

[9] Plaintiff's allegation that Dell infringes the '232 patent is premised on the Accused Kioxia and Western Digital Chips and is addressed by Kioxia and Western Digital's declaratory judgement claims as to that patent.

In short, there would be no claim that the Customer Defendants' sales of downstream products infringe the '241 and '232 patents but for the fact that some of those products include the Accused Chips. Because resolution of the allegations against the Accused Chips would necessarily "also resolve whether the customer infringes," manufacturer liability is a "predicate" and a stay is required. *In re Nintendo*, 756 F.3d at 1366; *Mantissa*, 2018 WL 3059604, at *5; *see also In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 10 (D.D.C. 2011) ("Underlying the customer suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant, the party that controls the product's design, rather than suits involving secondary parties such as customers of the manufacturer.").

### 1. Kioxia, Western Digital, and SEC hold the relevant evidence and the Customer Defendants incorporate the Accused Chips "as is."

With respect to the Accused Kioxia and Western Digital Chips, KIC and Western Digital alone (and not any other customer) have possession, custody, and control of the factual information in the form of witnesses and related documentation that shows the design, manufacture and operation of the accused circuitry of the Accused Kioxia and Western Digital Chips. Shiga Decl., ¶¶ 6-9, 11; Fasoli Decl. ¶¶ 6-8; Rollins Decl. ¶ 7; Ray Decl. ¶ 8; Lee Decl. ¶ 8; Chitlu Decl. ¶ 6; Koo Decl. ¶ 8; Steffens Decl. ¶ 8. Kioxia and Western Digital collectively are the exclusive source of the Accused Kioxia and Western Digital Chips to the Customer Defendants. Shiga Decl., ¶¶ 6-9, 11; Fasoli Decl. ¶¶ 6-8; Rollins Decl. ¶ 6; Ray Decl. ¶ 6; Lee Decl. ¶ 6; Chitlu Decl. ¶ 4; Koo Decl. ¶ 5; Steffens Decl. ¶ 6. Similarly, with respect to the Accused Samsung Chips, SEC has exclusive possession of factual information and documentation showing the design, manufacture and operation of the accused circuitry of the Accused Samsung Chips. Koo Decl., ¶¶ 11,12.

Thus, the Customer Defendants (including Samsung as to the Accused Kioxia and Western Digital Chips) have "no involvement in and no essential knowledge about the alleged

infringement, which begins at the design and manufacture phases." *Richmond v. Forever Gifts, Inc.*, Case No. 3:15-cv-0583, 2015 WL 11120883, at *1 (N.D. Tex. Mar. 18, 2015).  The Customer Defendants do not have the ability to modify the circuits of the Accused Chips; they instead integrate the chips into their products "as is" with respect to the circuit designs.  Shiga Decl., ¶ 10; Fasoli Decl. ¶ 9; Rollins Decl. ¶ 7; Ray Decl. ¶ 7; Lee Decl. ¶ 7; Chitlu Decl. ¶ 5; Koo Decl. ¶ 6 (as to Accused Kioxia and Western Digital Chips); Steffens Decl. ¶ 7.  Amazon merely resells downstream products without modification.  Plaintiff's omission of customer-specific allegations is thus not surprising and telling evidence the Customer Defendants "will have very little to offer in the way of evidence regarding the substantive aspects of the infringement case." *In re Nintendo*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *see also CyWee*, 2018 WL 4002776, at *3-4 (granting stay when customer "does not have the information necessary to defend against the infringement claims" and a stay "would obviate the need for non-party discovery from [manufacturers].").

While Customer Defendants do not have relevant, non-cumulative information, they agree to cooperate in providing limited discovery in the Manufacturer Cases should such discovery be relevant and non-cumulative.  Under the proposed process, Kioxia and Western Digital (as to the Accused Kioxia and Western Digital Chips) and SEC (as to the Accused Samsung Chips) would intermediate any '241 and '232 patent-related discovery Plaintiff seeks to serve on any Customer Defendant to avoid burdening the Customer Defendants with information the suppliers can provide instead, consistent with the judicially-recognized need for manufacturers to "protect [their] customers" "as a matter of . . . good business." *Katz*, 909 F.2d at 1464.  This type of stipulation was approved in *RPost Holdings, Inc. v. DocuSign, Inc.* as a basis to sever and stay with respect to customer defendants.  Case No. 12-cv-00683, 2019 WL 1982531, at *1 (E.D. Tex. May 3, 2019).

**2.    The Customer Defendants agree to be bound by infringement decisions in the Manufacturer Cases as applicable.**

When manufacturers "have agreed to indemnify other defendants, particularly those downstream in the stream of commerce," "the indemnifying defendant is 'the real party in interest' for the purposes of the patent infringement claims, and the indemnified defendant is peripheral." *WP Banquet, LLC v. Target Corp.*, 2016 WL 9450448, at *6 (C.D. Cal. Dec. 15, 2016). "Therefore, principles of judicial economy counsel that the claims against the downstream defendants be severed as well and then stayed pending the resolution of the claims against the upstream defendants." *Id.* (internal citation omitted). Here, Kioxia and Western Digital each have contractual obligations to defend their respective customers against the allegations of infringement of the '241 and '232 patents and, as such, are and will be defending and indemnifying their respective customers in accordance with those contractual obligations. Nelson Decl., ¶ 8; McElroy Decl., ¶ 8. Furthermore, Amazon has requested indemnification related to the allegations of infringement as to the '241 patent. Rogers Decl., ¶ 3.

Moreover, the Customer Defendants agree to be bound by any infringement determination in the Kioxia and Western Digital case as to the Accused Kioxia and Western Digital Chips. Amazon also agrees to be bound by the outcome in the Samsung case of any infringement determination as to the Accused Samsung Chips. Furthermore, certain Customer Defendants agree to be bound by any invalidity determination as to the '241 patent and the '232 patent.[10] Agreements to "not contest either infringement or validity" "are significant and weigh in favor of a stay under the customer-suit exception." *Mantissa Corp.*, 2018 WL 3059604, at *6. Even where a customer does not agree to be bound by invalidity determination, an "agreement to be bound by

---

[10] Dell, Apple, LG and Kingston agree to be bound to invalidity determinations in the Kioxia and Western Digital Manufacturer case as to the contentions currently asserted by Plaintiff as to the '241 patent. Dell makes the same agreement as to the '232 patent. Samsung will litigate validity itself as SEC is a Manufacturer Defendant.

an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of staying the current suit." *Wapp Tech Ltd. P'ship v. Hewlett-Packard Enters.*, No. 4:18-CV-468-ALM, 2019 WL 3818761, at \*4 (E.D. Tex. Aug. 14, 2019) (referring to *CyWee*, 2018 WL 4002776, at \*4); *Id.* at \*6 (finding stay appropriate when the customer "formally agreed to be bound" only by an "infringement determination"). Indeed, as this Court has noted, "courts have found that, even where a customer does not 'agree[] to be bound by the result' in the manufacturer suit, stay may still be appropriate because 'resolution of the major issues' in the manufacturer action will likely 'resolve these issues as to their customers.'" *Kirsch,* Dkt. No. 82 at 6 (citing *Katz*, 909 F.2d at 1464).  Decisions in this district have granted stays based on stipulations to be bound, including infringement-only stipulations.  *SMIC,* 6:19-cv-719, Dkt. No. 197 ("[S]everance and stay are warranted here with the understanding that Customer Defendants will be bound by the outcome of the litigation."); *Collaborative Agreements*, 2015 WL 10818739, at \*2 (stay based on "the Customer Defendants' stipulation to be bound by any infringement rulings"); *SyncView Techs. v. Grande Commc'ns Networks*, Case No. 18-cv-00412, 2019 WL 7758916, at \*3 (W.D. Tex.  Sept. 23, 2019) (staying clams against defendant who "agrees to be bound by any final infringement determination").

### 3.    The Manufacturer Defendants are the only sources of the Accused Chips.

Kioxia and Western Digital are the only suppliers of the Accused Kioxia and Western Digital Products to the Customer Defendants.  Rollins Decl. ¶ 6; Ray Decl. ¶ 6; Lee Decl. ¶ 6; Chitlu Decl. ¶ 4; Koo Decl. ¶ 5; Steffens Decl. ¶ 6; Shiga Decl. ¶¶ 6-9, 11; Fasoli Decl. ¶¶ 6-8. SEC is the only supplier of the Accused Samsung Chips.  Koo Decl. ¶ 11.

### 4.    The Manufacturer Cases also will resolve damages issues.

Although such a showing is not required for a customer stay, because Plaintiff accuses the

same Accused Chips in the Customer Defendant cases, a stay also will resolve damages issues. "[A] resolution of the case against [the Manufacturer Defendants] . . . will resolve the cases against the customers because, either the system will be adjudged to not infringe, or it will be found to infringe and whatever royalty is due from [the Manufacturers] will exhaust [Sonrai's] remedies as to the [Customer Defendants'] use of that system." *Collaborative Agreements*, 2015 WL 10818739, at *2. Thus, the Manufacturer Cases will "moot[] or at least advanc[e] the 'major premises'" of this case with respect to damages. *In re Google*, 588 F. App'x at 991.

> **B.      This Court's Previous Decisions Support A Stay In This Case**

This Court previously has issued customer-suit stays in cases involving manufacturers and customers. *SMIC*, Case No. 6:19-cv-719, Dkt. No. 197; *Kirsch,* Case No. 6:20-cv-00316-ADA, Dkt. No. 82. *SMIC* is particularly relevant given it involved a suit against semiconductor chip manufacturers and downstream customers of the chips. The customer defendants sought severance and a stay of the claims against the customers in light of the claims against the chip manufacturers, where the customers were accused of incorporating allegedly infringing SMIC chips in their products. *SMIC*, Dkt. No. 183 at 6. The Court, relying on the Federal Circuit's decision in *Nintendo*, 756 F.3d at 1365-66, noted "a stay of claims against downstream customer defendants is warranted where the case against the manufacturer has the potential to resolve the major issues against those customer defendants" (*SMIC,* Dkt. No. 197 at 2) and when a patentee "had no claim against the customer-retailers unless the infringement claims against the manufacturer-defendant were successful." *Id.* at 6. Because the customers had "no control over the fabrication process" and "only buy completed chips," the Court stayed the claims against the customers pending resolution of the dispute between the plaintiff and SMIC. *Id.* at 2.

As in *SMIC*, the Customer Defendants (including Samsung as to the Accused Kioxia and Western Digital Chips and SEA as to the Accused Samsung Chips) purchase "completed chips"

and merely incorporate the "chips in [its] products" without alteration.  *SMIC*, Dkt. No. 197 at 2,

3.  This is analogous to the *SMIC* customer defendants who "include[d] SMIC chips in their

products" as the core of Plaintiff's allegations relate to the chips and not the downstream products.

Here, the infringement allegations against the Manufacturer Defendants do not merely overlap

with the Customer Defendant cases—they are identical.  Also, as in *SMIC*, all the Customer

Defendants have agreed to be bound by infringement outcomes in the Manufacturer Cases.

Accordingly, this Court's decision in *SMIC* confirms a stay is appropriate.

 Moreover, this Court has acknowledged that stays are more likely appropriate in "a case

where there are multiple customer suits at issue" because of "the efficiencies gained by deciding

issues common to multiple customer cases in a single, manufacturer case."  *Motion Offense, LLC

v. Sprouts Farmers Mkt., Inc.*, No. 6:19-CV-00417-ADA, 2020 WL 4561594, at *2 (W.D. Tex.

Jan. 26, 2020) (Albright, J.); *see also Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, Case

No. 16-cv-00618-RWS-RP, 2017 WL 365398, at *8 (E.D. Tex. Jan. 25, 2017) (emphasizing the

"strong preference to avoid duplicate litigation" against multiple customers). This was the same

reasoning espoused by the Federal Circuit in the *Google* case: proceeding with a single action was

more efficient than trying five separate customer patent cases, especially if there was a chance one

case could resolve all five separate trials in one fell swoop.  *Id.* at *8 (citing *In re Google Inc.*, 588

F. App'x at 990).  In *Motion Offense*, this Court noted *Google* involved "five customers," while

*Motion Offense* involved only "a single customer lawsuit" and "[t]he Court . . . would be more

willing to stay this case based on judicial efficiency if there were multiple customer suits pending

in this Court."  *Motion Offense*, 2020 WL 4561594, at *2 and n.2.  As there are multiple customer

suits pending in this Court, this is "a classic case for a stay."  *Google,* 588 F. Appx at 990.

### C. The Traditional Stay Factors Also Warrant A Stay Of Plaintiff's Claims

 In addition to the customer-suit stay considerations discussed above, the factors that courts

traditionally consider in deciding stays also favor granting it here.  Those factors are: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (citation omitted); *Kirsch,* Dkt. No. 82 at 6-10.  A stay of Plaintiff's claims against the Customer Defendants and downstream products will not prejudice Plaintiff because "all the accused products come from the Manufacturers" so a stay "does not delay [Plaintiff] from litigating the question of infringement as to those products in the Manufacturer suits."  *Kirsch,* Dkt. No. 82 at 8.  Indeed, Plaintiff is already litigating the same infringement claims against Kioxia and Western Digital, and SEC, respectively.  A stay will simplify the case by limiting unnecessary discovery and the waste of judicial resources litigating issues that will be resolved by the Manufacturer Cases.  Discovery has not yet begun and no trial date has been set in any of these cases.  Rather than asking the Court to make infringement determinations in nine cases, a stay would permit the Court to make a single infringement determination in the Manufacturer Cases as to the Accused Chips.  Because resolution of Plaintiff's claims as to the manufacture of the Accused Chips has the potential to resolve Plaintiff's claims as to the downstream products sold by the Customer Defendants and save judicial resources without prejudicing Plaintiff, the Court should stay Plaintiff's claims as to the Customer Defendants and downstream products.

## V.     <u>CONCLUSION</u>

The Customer Defendants respectfully request the Court stay and/or sever cases as follows. None of the allegations as to U.S. Patent Nos. 6,920,527 ("the '527 patent"), 6,874,014 ("the '014 patent") and 6,829,691 ("the '691 patent") (all referenced below) involved Accused Chips.

- <u>Apple</u> requests the entire case against it be stayed as the only claim is that its

products that include the Accused Kioxia and Western Digital Chips infringe the '241 patent.

- Dell requests Plaintiff's '241 and '232 patent claims against it be stayed as the only basis of its alleged liability as to those patents is that its products include the Accused Kioxia and Western Digital Chips.  Dell requests that the remaining claim on the '527 patent be severed.

- LG requests Plaintiff's '241 patent claim against it be stayed as the only basis of its alleged liability as to that patent is that its products include the Accused Kioxia and Western Digital Chips.  LG requests that the remaining claim against it on the '014 patent be severed.

- Google requests Plaintiff's '241 patent claim against it be stayed as the only basis of its alleged liability as to that patent is that its products include the Accused Kioxia and Western Digital Chips.  Google requests that the remaining claim against it on the '014 patent be severed.

- Kingston requests Plaintiff's '241 patent claim against it be stayed as the only basis of its alleged liability as to that patent is that its products include the Accused Kioxia and Western Digital Chips.  Kingston requests that the remaining claim against it on the '527 patent be severed.

- Amazon requests Plaintiff's '241 patent claim against it be stayed as to the Accused Kioxia and Western Digital Chips and the Accused Samsung Chips.  Amazon requests that the remaining claims against it on the '014 patent and the '691 patent be severed.

- Samsung requests Plaintiff's '241 patent claim be stayed as to the Accused Kioxia and Western Digital Chips and downstream products containing Accused Samsung Chips, and the case proceed as to Accused Samsung Chips, coordinated with the Kioxia and Western Digital case.

- Kioxia and Western Digital request Plaintiff's '241 patent claims against them be stayed as to the downstream products that contain Accused Kioxia and Western Digital Chips, and that the cases proceed, coordinated with the Samsung case, as to the Accused Kioxia and Western Digital Chips.

Dated:  December 23, 2021                    Respectfully submitted,


                                             */s/ John M. Guaragna*
                                             John M. Guaragna
                                             Texas Bar No 24043308
                                             DLA PIPER LLP (US)
                                             303 Colorado St., Suite 3000
                                             Austin, TX  78701
                                             Tel: 512.457.7125
                                             Fax: 512.457.7001
                                             john.guaragna@us.dlapiper.com


                                             Mark D. Fowler *(Pro Hac Vice)*
                                             Brent Yamashita *(Pro Hac Vice)*
                                             Carrie Williamson *(Pro Hac Vice)*
                                             Christian Chessman *(Pro Hac Vice)*
                                             DLA PIPER LLP (US)
                                             2000 University Avenue
                                             East Palo Alto, CA  94303-2214
                                             Tel:  650.833.2000
                                             Fax:  650.833.2001
                                             mark.fowler@us.dlapiper.com
                                             brent.yamashita@us.dlapiper.com
                                             carrie.williamson@us.dlapiper.com
                                             christian.chessman@us.dlapiper.com


                                             Patrick S. Park *(Pro Hac Vice)*
                                             DLA PIPER LLP (US)
                                             2000 Avenue of the Stars
                                             Suite 400, North Tower
                                             Los Angeles, CA  90067-4704
                                             Tel:  310.595.3000
                                             patrick.park@us.dlapiper.com


                                             **Attorneys for Defendants Kioxia Corporation
                                             and Kioxia America, Inc.**

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

Mark D. Fowler *(Pro Hac Vice)*
Brent Yamashita *(Pro Hac Vice)*
Carrie Williamson *(Pro Hac Vice)*
Christian Chessman *(Pro Hac Vice)*
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@us.dlapiper.com
brent.yamashita@us.dlapiper.com
carrie.williamson@us.dlapiper.com
christian.chessman@us.dlapiper.com

Patrick S. Park *(Pro Hac Vice)*
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000
patrick.park@us.dlapiper.com

Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX  75201
Tel:  214.922.3443
Fax:  214.922.3843
mike.newton@alston.com
brady.cox@alston.com

Lauren N. Griffin (NC Bar No. 54766
ALSTON & BIRD LLP
One South at The Plaza

101 S. Tryon St., Suite 4000
Charlotte, NC  28280
Tel:  704.444.1059
Fax:  704.444.1111
lauren.griffin@alston.com

**Attorneys for Defendant Dell Technologies, Inc.**


*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

Mark D. Fowler *(Pro Hac Vice)*
Brent Yamashita *(Pro Hac Vice)*
Carrie Williamson *(Pro Hac Vice)*
Christian Chessman *(Pro Hac Vice)*
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001
mark.fowler@us.dlapiper.com
brent.yamashita@us.dlapiper.com
carrie.williamson@us.dlapiper.com
christian.chessman@us.dlapiper.com

Peter Maggiore *(Pro Hac Vice)*
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
peter.maggiore@us.dlapiper.com

**Attorneys for Defendant Apple Inc.**

23

_/s/ J. Mark Mann_
J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN TINDEL THOMPSON
201 E. Howard Street
Henderson, TX  75654
Tel:  903.657.8540
Fax:  903.657.6003
mark@themannfirm.com
blake@themannfirm.com

Darin W. Snyder _(Pro Hac Vice)_
Luann L. Simmons _(Pro Hac Vice)_
Davis D. Almeling _(Pro Hac Vice)_
Mark Liang _(Pro Hac Vice)_
Amy K. Liang _(Pro Hac Vice)_
Sorin Zaharia _(Pro Hac Vice)_
Andrew Bledsoe _(Pro Hac Vice)_
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Tel:  415.984.8700
Fax:  415.984.8701
dsnyder@omm.com
lsimmons@omm.com
dalmeling@omm.com
mliang@omm.com
aliang@omm.com
szaharia@omm.com
abledsoe@omm.com

**_Attorneys for Defendant Google LLC_**

24

*/s/ David S. Chun*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Tel:  903.934.8450
Fax:  903.934.9257
melissa@gillamsmithlaw.com

Steven Pepe
(NY Bar No. 2810430)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
Tel:  212.596.9000
Fax:  212.596.9090
steven.pepe@ropesgray.com
alexander.middleton@ropesgray.com
lance.shapiro@ropesgray.com

David S. Chun
(CA Bar No. 315958)
ROPES & GRAY LLP
1900 University Ave., 6th Floor
East Palo Alto, CA  94303-2284
Tel:  650.617.4000
Fax:  650.617.4090
david.chun@ropesgray.com

**Attorneys for Defendants LG Electronics Inc.
and LG Electronics U.S.A., Inc.**

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

Gregory S. Arovas *(Pro Hac Vice)*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel:  212.446.4800
Fax:  212.446.4900
g.arovas@kirkland.com

F. Christopher Mizzo *(Pro Hac Vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C.  20004
Tel:  202.389.5000
Fax:  202.389.5200
chris.mizzo@kirkland.com

Barbara N. Barath *(Pro Hac Vice)*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Tel:  415.439.1400
Fax:  415.439.1500
barbara.barath@kirkland.com

***Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America, Inc***.

*/s/ David Hoffman*
David M. Hoffman (*Pro Hac Vice*)
hoffman@fr.com
FISH & RICHARDSON P.C.
111 Congress Ave., Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

**Attorneys for Defendants Kingston Technology Company, Inc. and Kingston Technology Corporation**


*/s/ Stefani Shanberg*
Stefani Shanberg (TX State Bar No. 24009955)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 258-7000
Email: sshanberg@mofo.com

**Attorneys for Amazon.com, Inc.**


*/s/ Kenneth G. Parker*
Kenneth G. Parker (*Pro Hac Vice*)
GIBSON DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
Tel: (949) 451-3800
Fax: (949) 451-4220
Email: kparker@gibsondunn.com

**Attorneys for Defendant Western Digital Technologies, Inc.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Defendant has conferred with counsel for Sonrai in a good-faith effort to resolve the matter presented herein. Counsel for Sonrai opposes the instant Motion.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of December, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first-class mail.

*/s/ John M. Guaragna*
John M. Guaragna

28