# EXHIBIT H

RUSS, AUGUST & KABAT
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281213)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SONRAI MEMORY LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>                Plaintiff,<br><br>vs.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>                Defendant.<br><br>*and related cross-action* | Case No. 8:21-cv-01040-CJC (JDEx)<br><br>**PLAINTIFF SONRAI MEMORY LIMITED'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE CONCERNING TRANSFER TO THE WESTERN DISTRICT OF TEXAS** |
| KIOXIA CORPORATION and KIOXIA AMERICA, INC.<br><br>                Proposed Intervenors. | |

RUSS, AUGUST & KABAT

**TABLE OF CONTENTS**

**I.    INTRODUCTION** ........................................................................................1

**II.   FACTUAL BACKGROUND** ........................................................................1

A.   Sonrai's Case Against Western Digital ...........................................1

B.   Sonrai's Cases in the Western District of Texas Involving the Accused Flash Chips ...........................................................................................................2

C.   Kioxia's Motion to Intervene and Sonrai's Opposition ..................3

D.   The Court's Order to Show Cause for Why the Instant Case Should Not Be Transferred to the Western District of Texas ........................................3

E.   Western Digital and the Western District of Texas ........................4

**III. LEGAL STANDARDS** ................................................................................5

**IV. ARGUMENT** ...............................................................................................7

A.   This Case Could Have Been Brought in the Western District of Texas ........7

   1.   *The Texas Court Would Have Subject Matter Jurisdiction* .........................7

   2.   *Western Digital Is Subject to Personal Jurisdiction in the Western District of Texas* .............................................................................................................7

   3.   *Venue Would Be Proper in the Western District of Texas Under the Patent Venue Statute* ...............................................................................................8

B.   The Public and Private Interest Factors Weigh in Favor of Transfer ...........10

   1.   *The Interests of Justice* ...............................................................................10

   2.   *Administrative Considerations* ...................................................................13

   3.   *Plaintiff's Choice of Forum* .......................................................................14

   4.   *Convenience to Parties and Witnesses* .......................................................15

   5.   *Location of Evidence* ..................................................................................16

   6.   *Applicable Law* ...........................................................................................17

**V.   CONCLUSION** ..........................................................................................17

RUSS, AUGUST & KABAT

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
    503 F.2d 384 (9th Cir. 1974)................................................................6

*Alexsam, Inc. v. Wageworks, Inc.*,
    No. 19-cv-04538, 2020 U.S. Dist. LEXIS 239983 (N.D. Cal. Dec. 21, 2020)
    ........................................................................................... *passim*

*Commodity Futures Trading Comm'n v. Savage*,
    611 F.2d 270 (9th Cir. 1979).............................................................6

*Costlow v. Weeks*,
    790 F.2d 1486 (9th Cir. 1986)............................................................6

*HTC Corp. v. Acacia Research Corp.*,
    No. 15-cv-00378-CJC, 2015 U.S. Dist. LEXIS 175499 (C.D. Cal. Sept. 10,
    2015) ................................................................................. *passim*

*Icon Health & Fitness v. Octane Fitness, LLC*,
    No. 08-cv-00438-CJC, 2008 U.S. Dist. LEXIS 142902 (C.D. Cal. Nov. 3,
    2008) ............................................................................11, 17

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017)..................................................... 6, 8-10

*In re Volkswagen of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009)............................................................11

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ......................................................................7

*Kuster v. W. Digital Techs., Inc.*,
    No. 20-cv-00563-ADA, 2021 U.S. Dist. LEXIS 25256 (W.D. Tex. Feb. 9,
    2021) ............................................................................10, 15, 16

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006)............................................................7

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1

2   *Plexxikon Inc. v. Novartis Pharms. Corp.*,
3       No. 17-cv-4405, 2017 U.S. Dist. LEXIS 201984 (N.D. Cal. Dec. 7, 2017) ..8, 10
4
5   *Puri v. Hearthside Food Solutions LLC*,
        No. 11-cv-8675-JFW, 2011 U.S. Dist. LEXIS 144191 (C.D. Cal. Dec. 13,
6       2011) ........................................................................................12
7   *Rubio v. Monsanto Co.*,
8       181 F. Supp. 3d 746 (C.D. Cal. 2016) ................................................ *passim*
9   *Schlobohm v. Schapiro*,
10      784 S.W.2d 355 (Tex. 1990) ............................................................7
11  *Sparling v. Hoffman Constr. Co.*,
12      864 F.2d 635 (9th Cir. 1988) ...........................................................6
13  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
14      137 S.Ct. 1514 (2017) ....................................................................6
15  *Van Dusen v. Barrack*,
16      376 U.S. 612 (1964) ......................................................................6
17  *W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex. Sys.*,
        No. 10-cv-3595, 2011 U.S. Dist. LEXIS 4499 (N.D. Cal. Jan. 12, 2011) ....11
18
19  **STATUTES**
20  28 U.S.C. § 1331 ................................................................................7
21  28 U.S.C. § 1338(a) ...........................................................................7
22  28 U.S.C. § 1400(b) ........................................................................6, 8
23  28 U.S.C. § 1404 .....................................................................4, 5, 6, 13
24  35 U.S.C. §§ 271 *et seq.* ...................................................................7
25
26  **RULES**
27  Tex. Civ. Proc. & Rem. Code § 17.042 ................................................7
28

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

## I.     INTRODUCTION

Plaintiff Sonrai Memory Limited provides this brief in response to the Court's Order to Show Cause as to Why This Court Should Not Transfer the Present Action to the Western District of Texas. *See* Dkt. No. 46. In short, there is no reason why this case should not be transferred to the Western District of Texas. The Texas court would have jurisdiction, and venue would be proper because Defendant Western Digital Technologies, Inc. has regular and established places of business within the transferee district. Moreover, as the Court has recognized, the interests of justice strongly counsel in favor of transfer, "given the similarities and overlap in the patents, parties, accused products, and legal issues involved in the present action and the [seven] Texas actions." *See id.* at 2.

Sonrai therefore respectfully requests that the Court exercise its discretion and transfer this case to the Western District of Texas.

## II.    FACTUAL BACKGROUND

### A.     Sonrai's Case Against Western Digital

On June 11, 2021, Sonrai brought suit against Western Digital for infringement of two patents: U.S. Patent No. 6,724,241 ("the '241 patent") and U.S. Patent No. 6,920,527 ("the '527 patent"). Sonrai alleges that "Western Digital products with SanDisk/Toshiba 64L 3D NAND flash chips [("Accused Flash Chips")] . . . infringe at least Claim 1 of the '241 patent" because "the charge pump circuit" of the Accused Flash Chips meets each of the claim limitations. Dkt. No. 1, Compl. ¶10, Ex. 2. For the '527 patent, Sonrai accuses different Western Digital Sandisk-branded products of infringement. *Id.* ¶19, Ex. 4.

On August 6, 2021, Western Digital answered the complaint, asserting counterclaims of non-infringement and patent invalidity, including for a non-asserted patent, U.S. Patent No. 7,436,232 ("the '232 patent"). Dkt. No. 18. Sonrai responded to those counterclaims on August 27, 2021. Dkt. No. 26. The Court has not yet issued a scheduling order for this case.

RUSS, AUGUST & KABAT

**B.    Sonrai's Cases in the Western District of Texas Involving the Accused Flash Chips**

The following seven lawsuits are pending in the Western District of Texas that relate, at least in part, to infringement of the '241 patent and/or '232 patent by the Accused Flash Chips:

- *Sonrai Memory Ltd. v. Google LLC*, No. 6:21-cv-00167-ADA (W.D. Tex.) (complaint filed February 23, 2021). Dkt. No. 32-7.

- *Sonrai Memory Ltd. v. LG Electronics Inc. et al.*, No. 6:21-cv-00168-ADA (W.D. Tex.) (complaint filed February 23, 2021). Dkt. No. 32-8.

- *Sonrai Memory Ltd. v. Samsung Electronics Co., Ltd. et al.*, No. 6:21-cv-00168-ADA (W.D. Tex.) (complaint filed February 23, 2021). Dkt. No. 32-9.

- *Sonrai Memory Ltd. v. Dell Technologies, Inc.*, No. 6:21-cv-00361-ADA (W.D. Tex.) (complaint filed April 12, 2021). Dkt. No. 32-10.

- *Sonrai Memory Ltd. v. Kioxia Corp. et al.*, No. 6:21-cv-000400-ADA (W.D. Tex.) (complaint filed April 23, 2021). Dkt. No. 32-6.

- *Sonrai Memory Ltd. v. Apple Inc.*, No. 6:21-cv-00401-ADA (W.D. Tex.) (complaint filed April 23, 2021). Dkt. No. 32-11.

- *Sonrai Memory Ltd. v. Amazon.com, Inc.*, No. 6:21-cv-00991-ADA (W.D. Tex.) (complaint filed September 24, 2021). Declaration of Amy E. Hayden in Support of Plaintiff Sonrai Memory Limited's Response to the Court's Order to Show Cause Concerning Transfer to the Western District of Texas ("Hayden Decl."), Ex. A.

All of these seven cases are pending before the same judge, Judge Albright. And each of the first six cases listed above is set to proceed under the same schedule, with claim construction disclosures beginning on October 20, 2021, a consolidated *Markman* hearing set for January 19, 2022, and trial anticipated in each matter in early 2023. Dkt. No. 38-8; Hayden Decl., Ex. B.

RUSS, AUGUST & KABAT

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

### C.    Kioxia's Motion to Intervene and Sonrai's Opposition

On August 27, 2021, two of the Texas defendants, Kioxia Corporation and Kioxia America, Inc. (collectively, "Kioxia"), moved to intervene in this case, alleging that Kioxia and Western Digital "collaborate in designing certain NAND flash memory chips," including the Accused Flash Chips. Dkt. No. 48 at 1-2; Dkt. No. 48-1 ¶5. Kioxia also claimed that it "took the lead in designing" those chips, that it "manufactured [the chips] (in wafer form) in Japan," and that the Accused Flash Chips "have the same circuit design, even though the brand name on the chip may either be Kioxia/Toshiba or Sandisk." Dkt. No. 48 at 8; Dkt. No. 48-1 ¶6. Kioxia further alleged that "Google, Dell, LG, Samsung, Apple, and Kingston" use the Accused Flash Chips "that were supplied to them by Kioxia and/or Western Digital." Dkt. No. 48 at 5. Kioxia also claimed that it is defending and indemnifying its customers, and that Western Digital is doing the same. Dkt. No. 48 at 1, 7; Dkt. No. 48-2 ¶¶7-8.

Sonrai opposed Kioxia's motion to intervene, whether as of right or on a permissive basis, because the proposed intervention request is overbroad and injects new issues unrelated to Western Digital into the case. *See* Dkt. No. 47 at 1, 8, 21. Sonrai also opposed intervention as of right because Kioxia failed to show numerous threshold requirements of Rule 24(a) are met. *See id.* at 1-2, 8-16, 21. And Sonrai opposed permissive intervention because, among other reasons, Kioxia's proposed intervention would prejudice Sonrai, would create inefficiencies, and is nothing more than a thinly veiled attempt to transfer the case against it in the Western District of Texas to this Court. *Id.* at 2, 16-21.

### D.    The Court's Order to Show Cause for Why the Instant Case Should Not Be Transferred to the Western District of Texas

On September 15, 2021, the Court issued an order taking the hearing on Kioxia's motion to intervene off calendar, and ordered Plaintiff Sonrai to show cause for "why this action should not be transferred to the Western District of Texas." Dkt.

No. 46 at 2-3. In that order, the Court noted:

> The Court is inclined to transfer this case to the Western District of Texas given the similarities and overlap in the patents, parties, accused products, and legal issues involved in the present action and the Texas actions. In the present action and the Texas actions, Plaintiff alleges that the same Accused Flash Chips infringe on the same '241 patent. Additionally, either proposed intervenor Kioxia, or Defendant Western Digital, supplied the Accused Flash Chips to the other Texas defendants, establishing a commercial relationship amongst the involved defendants. To have two federal courts invest their resources to interpret the same patent infringement claims, concerning the same products, amongst the same related parties seems to be the exact type of waste, duplication of effort, and inefficiencies that Section 1404 was designed to protect against. This is especially true considering that the Texas actions are all before the same judge and proceeding under the same schedule.

*Id.* at 2.

### E.     Western Digital and the Western District of Texas

Defendant Western Digital Technologies, Inc. is registered to transact business within the state of Texas, and has a registered agent of service within the Western District of Texas. Hayden Decl., Ex. C (indicating that Western Digital is currently registered to do business in Texas, and that it first sought registration in 1986).

Western Digital has also previously admitted that it has at least two offices in the Western District of Texas. One is located at 7501 Capital Texas Highway in Austin, Texas ("7501 Office"), and the other is located at 9442 Capital Texas Highway in Austin, Texas ("9442 Office"). *Id.*, Ex. D ¶15 (declaration of Sridhar Nara, a Western Digital product manager). The Travis County, Texas Central

RUSS, AUGUST & KABAT

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Appraisal District website indicates Western Digital is the owner of the 7501 Office, and has been since at least 2017. *Id.*, Exs. E-I. "As shown in the following picture taken on April 15, 2021, Western Digital does business at 7501 N. Capital of Texas Highway, Suite A-100, Austin, Texas 78731 under the names Western Digital, HGST, and SanDisk."



*Id.*, Ex. J ¶26. The 7501 Office is regularly used by two teams, an engineering development team and a technical sales support team that supports a large customer in the District. *Id.*, Ex. D ¶15. The same technical sales support team also regularly uses the 9442 Office. *Id.*

## III.  LEGAL STANDARDS

A district court "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "To effect a transfer, the transferee court must have subject matter jurisdiction and be a proper venue for the action. Additionally, defendants must be subject to personal jurisdiction in the district, and be amenable to service of process there." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 760 (C.D. Cal. 2016) (citing *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503

RUSS, AUGUST & KABAT

F.2d 384, 386-88 (9th Cir. 1974)).

The patent venue statute, which governs venue for patent infringement actions such as this one, additionally provides that "[a]ny action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court has recently held "that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1517 (2017). For a defendant in a patent infringement action to have "a regular and established place of business" within a district, "(1) there must be a phyiscal place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

A transfer of venue pursuant to 28 U.S.C. § 1404(a) may be made by motion of either party or by the court *sua sponte*, so long as the parties are first given the opportunity to present their views on the issue. *See, e.g.*, *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). And as this Court as recognized, "[t]he purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Dkt. No. 46 at 2 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)) (internal quotations omitted).

The Ninth Circuit recognizes that the "weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "In deciding a motion to transfer venue, the court typically weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of

RUSS, AUGUST & KABAT

1    books and records; (5) which forum's law applies; (6) the interests of justice; and

2    (7) administrative considerations." *Rubio*, 181 F. Supp. 3d at 759 (transferring case

3    from the Central District of California to the Western District of Texas).

4    **IV.    ARGUMENT**

5          **A.    This Case Could Have Been Brought in the Western District**

6                  **of Texas**

7          Sonrai's case against Western Digital could have originally been filed in the

8    Western District of Texas because (1) the Western District of Texas would have had

9    subject matter jurisdiction over the causes of action asserted in the Complaint; (2)

10   Western Digital is subject to personal jurisdiction in the Western District of Texas;

11   and (3) venue is proper in the Western District of Texas.

12         **1.    The Texas Court Would Have Subject Matter**

13                 **Jurisdiction**

14         The Western District of Texas, like all federal district courts, has subject

15   matter jurisdiction over patent infringement actions, such as the instant case against

16   Western Digital. *See* 28 U.S.C. §§ 1331, 1338(a); 35 U.S.C. §§ 271 *et seq.*

17         **2.    Western Digital Is Subject to Personal Jurisdiction in**

18                 **the Western District of Texas**

19         "The general rule is that personal jurisdiction over a defendant is proper if it

20   is permitted by a long-arm statute and if the exercise of that jurisdiction does not

21   violate federal due process." *Rubio*, 181 F. Supp. 3d at 760-61 (quoting *Pebble*

22   *Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006)). "To satisfy due

23   process, a defendant must have sufficient 'minimum contacts' with the forum state

24   that 'maintenance of the suit does not offend traditional notions of fair play and

25   substantial justice.'" *Id.* at 761 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

26   316 (1945)). "The Texas 'long-arm statute [Tex. Civ. Proc. & Rem. Code § 17.042]

27   authorizes the exercise of jurisdiction over those who do business in Texas.'" *Id.*

28   (quoting *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990)).

RUSS, AUGUST & KABAT

Western Digital is registered to do business in the state of Texas, and has a registered agent for service of process within the District. Hayden Decl., Ex. C. In addition, Western Digital has owned office space within the District for at least the past five years. *Id.*, Exs. E-I. Western Digital uses that office space for an engineering development team and a technical sales support team that supports a large customer in the District, and the sales support team has another leased office within the District. *Id.*, Ex. D ¶15. The Western District of Texas thus has personal jurisdiction over Western Digital. *See, e.g.*, *Rubio*, 181 F. Supp. 3d at 760-61.

### 3. Venue Would Be Proper in the Western District of Texas Under the Patent Venue Statute

Although Western Digital does not "reside" within the Western District of Texas, it "has committed acts of infringement and has a regular and established place of business" within the District. *See* 28 U.S.C. § 1400(b). Western Digital has committed acts of infringement within the District because, at a minimum, the Accused Flash Chips that it jointly developed with Kioxia have been incorporated into products that Western Digital, Kioxia, or their customers sold, offered for sale, and/or imported to the District. *See* Dkt. No. 32-6 ¶¶ 6, 10; Dkt. No. 32-7 ¶¶5, 18; Dkt. No. 32-8 ¶¶6, 19; Dkt. No. 32-9 ¶¶6, 19; Dkt. No. 32-10 ¶¶ 5, 18, 27; Dkt. No. 32-11 ¶¶5, 9; Hayden Decl., Ex. A ¶¶ 5,9; *see also Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-cv-4405, 2017 U.S. Dist. LEXIS 201984, at *3 (N.D. Cal. Dec. 7, 2017) ("At this early stage of the case, allegations that a defendant has committed acts of infringement within a certain district are sufficient for the purposes of section 1400(b).").

Western Digital also has a "regular and established place of business" in the Western District of Texas because its 7501 and 9442 Offices in Austin meet each of the requirements set forth by the Federal Circuit in *In re Cray*: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d at 1360.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1    First, the 7501 and 9442 Offices are undoubtedly physical places within the

2    district—"a physical, geographical location in the district from which the business

3    of the defendant is carried out." *Id.* at 1363. Western Digital has admitted that the

4    7501 Office is used by an engineering development team and "a technical sales

5    support team that supports a large local customer," and that latter team also uses the

6    9442 Office. Hayden Decl., Ex. D ¶15.

7    Second, the 7501 and 9442 Offices are "regular and established place[s] of

8    business." The Federal Circuit explained that "a business may be regular, for

9    example, if it operates in a steady, uniform, orderly, and methodical manner," rather

10   than one that is "sporadic." *In re Cray*, 871 F.3d at 1362 (internal quotation marks

11   omitted). As explained above, an engineering team and a sales support team both

12   regularly use the 7501 Office, and the 9442 Office is likewise in regular use by the

13   latter team. Hayden Decl., Ex. D ¶15. As further evidence that the 7501 Office is

14   "established," according to property tax records from Travis County, Texas, Western

15   Digital has owned this office for at least five years. *Id.*, Exs. E-I; *see In re Cray*, 871

16   F.3d at 1363 (noting that "a five-year continuous presence in the district

17   demonstrates that the business was established for purposes of venue").

18   Third, the 7501 and 9442 Offices are "place[s] of the defendant," and "not

19   solely a place of defendants' employee." *See In re Cray*, 871 F.3d at 1360. A relevant

20   consideration in determining whether a place is "of the defendant" is whether it is

21   the defendant (as opposed to an employee or someone else) that owns or leases the

22   place. *Id.* at 1363. Here, property tax records from Travis County, Texas indicate

23   that Western Digital has owned the 7501 Office since at least 2017. Hayden Decl.,

24   Exs. E-I.[1] And Western Digital has admitted that it leases the 9442 Office. *Id.*, Ex.

25

26   _____

      [1] Western Digital alleged in a prior declaration that it leases the 7501 Office
27   (Hayden Decl., Ex. D ¶ 15), but the cited property records belie this allegation. But
      even if the 7501 Office is leased, that is of no event, because as explained above a
28   leased space is still "a place of the defendant" under the applicable law.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

D ¶15; *see also Plexxikon*, 2017 U.S. Dist. LEXIS 201984, at \*5 (finding venue proper based on leased facilities); *Alexsam, Inc. v. Wageworks, Inc.*, No. 19-cv-04538, 2020 U.S. Dist. LEXIS 239983, at \*21-24 (N.D. Cal. Dec. 21, 2020) (finding venue proper in transferee court based in part on an office leased by the parent corporation of the defendant).

Another relevant consideration is whether Western Digital "places its name on a sign associated with or on the building itself." *In re Cray*, 871 F.3d at 1363-64. Here, Western Digital has put up signs on the entrance to its office suite indicating that the 7501 Office is a place where it does business under at least the names Western Digital, HGST, and Sandisk. Hayden Decl., Ex. J ¶26; *see also supra* § II.E (photo of the 7501 Office entrance).

In sum, venue is proper in the Western District of Texas because Western Digital has commited potential acts of infringement within the district and Western Digital's office spaces in the district each constitute a regular and established place of business as required by *In re Cray* and its progeny. And given the above-described facts, it is not surprising that Western Digital has previously failed to contest the propriety of venue in the Western District of Texas. *See Kuster v. Western Digital Techs., Inc.*, No. 20-cv-00563-ADA, 2021 U.S. Dist. LEXIS 25256, at \*6 (W.D. Tex. Feb. 9, 2021) (Albright, J.) (in order denying motion to transfer to Northern District of California, noting that Western Digital did not dispute that venue was proper in the Western District of Texas).

**B. The Public and Private Interest Factors Weigh in Favor of Transfer**

**1. The Interests of Justice**

This Court has previously recognized that "[c]onsideration of the interests of justice, which include judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *HTC Corp. v. Acacia Research Corp.*, No. 15-cv-00378-CJC,

RUSS, AUGUST & KABAT

2015 U.S. Dist. LEXIS 175499, at *9 (C.D. Cal. Sept. 10, 2015) (Carney, J.). This Court has also recognized that "[l]itigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results." *Id.*; *see also id.* at *11 ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.") (quoting *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). In *HTC*, because the same judge in the Eastern District of Texas had several cases before him, with the declaratory-judgment defendant as plaintiff, and the same patents at issue, this Court transferred the case to the Texas court. *Id.* at *9-10. This Court also noted that if the transfer motion were to be denied, "there would be a risk of duplicative proceedings and even inconsistent legal decisions, given the substantial overlap of the subject matter." *Id.* at *10-11.

Western Digital is no stranger to this concept, as a court in the Northern District of California similarly transferred a case that Western Digital filed there as a declaratory judgment plaintiff to the Eastern District of Texas. *See Western Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex. Sys.*, No. 10-cv-3595, 2011 U.S. Dist. LEXIS 4499, at *7-19 (N.D. Cal. Jan. 12, 2011). Much like this Court in *HTC*, the Northern District court found that the interests of justice weighed in favor of transfer because "litigating the issues in both forums would force the parties to engage in duplicative discovery and pre-trial motions, require the courts to analyze the same factual and legal issues, and would require both courts to construe the same patent terms." *Id.* at *13-14.

In addition, this Court previously reached similar conclusions in at least one other case. *See Icon Health & Fitness v. Octane Fitness, LLC*, No. 08-cv-00438-CJC, 2008 U.S. Dist. LEXIS 142902, at *9 (C.D. Cal. Nov. 3, 2008) (Carney, J.) (transferring patent case to the District of Minnesota in part because there was "a similar case filed in Minnesota, so the interests of judicial economy favor

---

11

transferring this case there so the parties can resolve all of their disputes in one forum"). Other courts in this circuit have ruled similarly. *See, e.g.*, *Alexsam*, 2020 U.S. Dist. LEXIS 239983, at *30-31 (transferring patent case to forum where another case involving the same patent and technology was being litigated); *Puri v. Hearthside Food Solutions LLC*, No. 11-cv-8675-JFW, 2011 U.S. Dist. LEXIS 144191, at *9-13 (C.D. Cal. Dec. 13, 2011) (same).

The facts here likewise weigh heavily in favor of transfer. Here, there are seven cases pending in the Western District of Texas that involve the same plaintiff, that are all before the same judge, and that all involve at least one of the same patents as in the case against Western Digital. *See supra* §§ II.A-II.B. Six of those Texas cases have identical case schedules. *See supra* § II.B. Critically, the seven Texas cases and the case against Western Digital all involve infringement allegations of the ***same patent*** by the ***same Accused Flash Chips***. *See supra* §§ II.A-II.B. In addition, one of the Texas cases is against Kioxia, with whom Western Digital jointly developed the Accused Flash Chips. *See supra* § II.C. Indeed, as Western Digital's joint venture partner Kioxia recognized in its motion to intervene, "a single, consistent determination of whether that design [of the Accused Flash Chips] infringes the asserted claims of the '241 and '232 patents is both warranted and the most efficient use of judicial and the parties' resources." Dkt. No. 48 at 2; *see also id.* at 15-16; Dkt. No. 49 at 13.

To the extent that Western Digital argues that Sandisk-branded products unrelated to Accused Flash Chips are accused of infringing the '527 patent in this case, that fact does not counsel against transfer given the efficiencies that would be gained from litigating issues related to the Accused Flash Chips in a single forum. Moreover, as Kioxia recognized: "Although the accused products differ between Kioxia and Western Digital as to the '527 patent, the same claim construction and validity issues are presented by both cases." Dkt. No. 48 at 4; *see also* Dkt. No. 49 at 1 (Kioxia noting "the very real risk that two different courts (and multiple different

RUSS, AUGUST & KABAT

1    juries) will potentially make different findings on identical issues").

2      Finally, transfer of the Western Digital case to the Western District of Texas

3 furthers the interests of justice more than intervention by Kioxia in this case possibly

4 could. First, as Sonrai addressed in detail in its prior brief opposing intervention,

5 Kioxia's proposed invention is overbroad, Kioxia failed to demonstrate it met the

6 requirements for intervention as of right, and if Kioxia were granted permission

7 intervention, numerous inefficiencies and prejudice to Sonrai would ensue. Dkt. No.

8 47; *see also supra* § II.C. Second, transfer of the instant action is a far simpler

9 proposition than Kioxia and Western Digital's elaborate plan to not only have Kioxia

10 intervene in this action, and but to also have ***seven defendants*** request partial stays

11 seven of actions based on intervention and/or the customer suit exception to the first-

12 filed rule. *See* Dkt. No. 48 at n.4 (setting forth defendants' plan); Dkt. No. 47 at 17-

13 20 (critiquing that plan). Moreover, it seems uncertain whether or not all (or any) of

14 the Texas defendants are on board with this plan. Indeed, Kioxia represented that

15 most if not all of the customers would file their stay motions by September 27, 2021

16 (*see* Dkt. No. 49 at 14), but not a single stay motion has been filed.

17      In short, "given the similarities and overlap in the patents, parties, accused

18 products, and legal issues involved in the present action and the [seven] Texas

19 actions," the interests of justice factor weighs heavily in favor of transfer. *See* Dkt.

20 No. 46 at 2.

21            **2.    Administrative Considerations**

22      Although general "administrative considerations such as docket congestion

23 are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer"

24 (*see, e.g.*, *Rubio*, 181 F. Supp. at 765), the specific administrative considerations at

25 play here, such as the stage of the instant case and that of the Texas cases, counsel

26 in favor of transfer.

27      The six cases on the same schedule in the Western District of Texas have

28 proceeded further than the instant matter. In Texas, Sonrai has served infringement

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

contentions in each case, each defendant will serve invalidity contentions next week, and claim construction disclosures begin on October 20, 2021. Dkt. No. 38-8; Hayden Decl., Ex. B; *see also HTC*, No. 2015 U.S. Dist. LEXIS 175499, at *9-10 (transferring case in part because co-pending cases in transferee Texas court had "progressed further than the instant one").

Moreover, the Texas court has set a consolidated *Markman* hearing for January 19, 2022, and trial is anticipated in each matter in early 2023. Dkt. No. 38-8; Hayden Decl., Ex. B. By contrast, the Court has not yet issued a scheduling order in this case, and the parties proposed dates for a *Markman* hearing and trial nearly a half year later than those in the Texas matters. Dkt. No. 51-1 (proposing "Week of June 6, 2022" for a *Markman* and "Week of May 22, 2023" for jury selection and trial). As Kioxia admits, "this case is in its early stages." Dkt. No. 48 at 17; Dkt. No. 49 at 17.

The Texas cases are therefore expected to have *Markman* decisions and get to trial substantially faster than the Western Digital case in this forum. And with all of the efficiencies gained from having related claims decided in the same forum, and given the overlapping issues and parties, Sonrai anticipates that if transferred the Western Digital matter can be set for a schedule similar to the other Texas cases.

Given the facts here, administrative considerations weigh in favor of transfer.

### 3. Plaintiff's Choice of Forum

Although Sonrai originally chose the Central District of California as the forum for this case, much has transpired since that decision was made. Prior to the filing of its Complaint, Sonrai was unaware of the extent and precise nature of the relationship between Kioxia, Western Digital, and the Texas customer defendants. Indeed, Kioxia and Western Digital previously kept much of that information confidential prior to this Court denying Kioxia's application to seal that information. *See* Dkt. No. 45. With the benefit of knowing more facts concerning that relationship, and now knowing the extent of consolidation of the Texas cases,

Sonrai's preferred forum for this case is the Western District of Texas. *See Alexsam*, 2020 U.S. Dist. LEXIS 239983, at *25-26 (affording little to no weight to plaintiff's initial choice of forum, and granting ***plaintiff's*** motion to transfer that plaintiff brought after learning more about the relationship between defendant and its parent company).

Plaintiff's choice of forum therefore weighs in favor of transfer.

### 4. Convenience to Parties and Witnesses

Sonrai is a foreign company based in Ireland; regardless of whether this case proceeds in California or Texas, its witnesses will need to travel great distances for trial and any other in-person court appearances.

Sonrai recognizes that Western Digital is headquartered in the Central District of California, but to the extent that Western Digital "suggests that it would be more costly for its witnesses to travel to Texas to give testimony, this concern pales in light of the overall cost of litigation, and the judicial economy achieved by having the same court hear this case in additional to the several other cases before it that focus on the same patents and issues." *See HTC*, 2015 U.S. Dist. LEXIS 175499, at *13; Indeed, Judge Albright recently denied a motion by Western Digital to transfer another patent infringement action to the Northern District of California, noting that "Western Digital ha[d] not met its significant burden to demonstrate NDCA is clearly more convenient." *Kuster*, 2021 U.S. Dist. LEXIS 25256, at *26-27. Western Digital also has offices within the Western District of Texas and it employs around 75 people in Texas. Hayden Decl., Ex. D ¶15. One or more of those individuals may possess relevant information to this case.

Moreover, since the COVID-19 pandemic began, it has been routine in patent infringement cases for depositions to occur via video-conferencing platforms. This has not only addressed health and safety concerns, but has also proven a cost-effective, efficient way to conduct depositions in patent cases. Remote depositions of course will continue to be an option for the parties even after the pandemic

RUSS, AUGUST & KABAT

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

subsides. And similarly, Judge Albright routinely conducts hearings via Zoom, obviating the need for frequent travel to Texas. *See* Order Governing Proceedings – Patent Case Version 3.4 at 6, *available at* https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%2006242021.pdf ("Unless the Court indicates otherwise, the following Zoom information shall be used for all non-private hearings.").

These factors are either neutral or weigh slightly in favor of transfer.

### 5.    Location of Evidence

Sonrai anticipates that Western Digital will argue that the location of evidence in this district, such as electronic documents and perhaps source code, weighs against transfer. However, Western Digital (and its joint venture partner Kioxia) "are sophisticated companies conducting business and litigating throughout the country . . . . They are undoubtedly capable of conducting some discovery in California if necessary, and furnishing documentary evidence in electronic form where it is needed for litigation." *See HTC*, 2015 U.S. Dist. LEXIS 175499, at \*13; *see also Alexsam*, 2020 U.S. Dist. LEXIS 239983, at \*25 (noting that "neither forum enjoys greater ease of access to the evidence" because "documentary evidence . . . is stored electronically and can be transferred to and accessed from any location").

As noted above, in *Kuster*, Judge Albright recently denied a motion to transfer filed by Western Digital. In analyzing this factor, the *Kuster* court noted that "[t]here is no realistic difference in the relative ease of access to these electronic documents from the transferor district as compared to the transferee district since the documents are easily accessible electronically." 2021 U.S. Dist. LEXIS 25256, at \*9. Indeed, Western Digital represented in that case that its electronic documents are stored on nine data centers within the United States, and admitted that any documents located in those data centers would be accessible from Western Digital's Austin offices to any individual with privileges. *Id.* at \*9-10.

RUSS, AUGUST & KABAT

Moreover, Kioxia has repeatedly alleged that it has a multitudinous evidence relevant to the claims against Western Digital and the Texas defendants. *See* Dkt. No. 48 at 2 (Kioxia claiming it "possesses substantial relevant evidence regarding the infringement issues presented by Sonrai's infringement claims"); *id.* at 3 (claiming Kioxia and Western Digital have information relevant to the damagaes analysis for all Accused Flash Chips); *see also id.* at 7-8, 13; Dkt. No. 48 ¶6. In particular, because "KIC [Kioxia Corporation] both took the lead in designing" and manufactured the Accused Flash Chips, KIC "possesses substantial relevant evidence regarding the manufacture and design of the Accused [Flash] Chips." Dkt. No. 48 at 8; *see id.* at 9 (further noting that KIC manufactures all of the Accused Flash Chips in Japan); *see also id.* at 12-15; Dkt. No. 48-1 ¶7. Much of this evidence is likely to be in Japan (rather than California) since this is where the manufacture of the chips takes place, and because KIC is a Japanese corporation. Production of evidence from Japan to Texas is not less convenient that such production to California, particularly since most if not all of this evidence will be in the form of electronic documents.

This factor is either neutral or weighs slightly in favor of transfer.

### 6. Applicable Law

Another factor courts in the Ninth Circuit consider in determining whether to transfer a case is which forum's law applies to the causes of action in the case. *See Rubio*, 181 F. Supp. 3d at 759. Each of Sonrai's claims and Western Digital's counterclaims involve "federal patent law, which both forums are experienced in applying." *See Icon Health*, 2008 U.S. Dist. LEXIS 142902, at *9; *see also Alexsam*, 2020 U.S. Dist LEXIS 239983, at *24. This factor is therefore neutral.

## V. CONCLUSION

For the foregoing reasons, Sonrai agrees with the Court's inclination to transfer of this matter to the Western District of Texas. Because the Texas court would have jurisdiction and venue would be proper, there is no reason that this case

cannot be transferred. Moreover, the public and private interest factors weigh in favor of transfer. Sonrai therefore respectfully requests that the Court exercise its discretion and transfer this case to the Western District of Texas.

DATED: October 8, 2021

Respectfully submitted,

RUSS, AUGUST & KABAT

By: /s/ Amy E. Hayden
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281213)
jmilkey@raklaw.com
Amy E. Hayden (CA SBM 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*SONRAI MEMORY LIMITED*

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE