**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **SONRAI MEMORY LTD.** | |
| **Plaintiff,** | **CASE NO.  6:21-cv-00401-ADA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **APPLE INC.** | |
| **Defendant.** | |

**DEFENDANT APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE PURSUANT
TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................... 1

II. BACKGROUND FACTS ....................................................................................... 2

    A.  Plaintiff Sonrai ............................................................................................ 2

    B.  Defendant Apple ......................................................................................... 3

III. LEGAL STANDARD ............................................................................................ 5

IV. THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE
    CONVENIENT VENUE FOR THIS CASE. ...................................................... 6

    A.  This Case Could Have Been Brought In NDCA. .................................... 6

    B.  The Private Interest Factors Favor Transfer to NDCA. ....................... 6

        1.  The Ease Of Access To Sources Of Proof Strongly Favors
            Transfer. .................................................................................... 6

        2.  The Availability Of Compulsory Process Favors Transfer ...... 9

        3.  The Attendance Of Willing Witnesses Strongly Favors Transfer. .......... 10

        4.  The "All Other Practical Problems" Factor Is Neutral. .......................... 13

    C.  The Public Interest Factors Favor Transfer To NDCA ......................... 13

        1.  The Court Congestion Factor Favors Transfer To NDCA ...................... 13

        2.  The Local Interest Factor Strongly Favors Transfer To NDCA. ............ 14

        3.  Familiarity With The Governing Law And Conflicts Of Law Are
            Neutral Factors. ....................................................................... 15

V.  CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok, Inc.*,
No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ........................1, 7

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)........................................................................................11

*In re Adobe Inc.*,
823 F. App'x 929 (Fed. Cir. 2020) ..................................................................................14

*Aguilar-Ayala v. Ruiz*,
973 F.2d 411 (5th Cir. 1992) ...........................................................................................10

*In re: Apple Inc.*,
818 F. App'x 1001 (Fed. Cir. June 16, 2020) ...............................................................5, 10

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)......................................................................................6, 14

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ...........................................................................6, 10, 12

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) ...................................6, 10

*Ret. Sys. ex rel. BP P.L.C. v. Hayward*,
508 F. App'x 293 (5th Cir. 2013) .......................................................................................7

*Caselas, LLC v. JetPay LLC*,
No. 6:20-cv-01138-ADA, Dkt. No. 33 (W.D. Tex. Sept. 3, 2021)...........................................1

*CloudofChange, LLC v. NCR Corp.*,
No. 6:19-cv-00513, 2020 WL 6439178 (W.D. Tex. Mar. 17, 2020).......................................7

*Datascape, Ltd. v. Dell Techs., Inc.*,
No. 6:19-cv-00129, 2019 WL 4254069 (W.D. Tex. June 7, 2019) .......................................14

*Flexiworld Techs., Inc. v. Amazon.com, Inc.*,
No. 6:20-cv-00553-ADA, Dkt. No. 101 (W.D. Tex. Aug. 2, 2021)..............................1, 7, 11

*Gemalto S.A. v. CPI Card Grp. Inc.*,
No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) .......................................10

WEST\296609398.5

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)....................................................................5, 6, 9, 10

*In re Google Inc.*,
    No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ....................................10

*HD Silicon Sols. LLC, v. Microchip Tech Inc.*,
    No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021).................. *passim*

*In re Hoffman-La Roche, Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009).............................................................................9, 15

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...................................6

*In re Hulu, LLC*,
    No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ....................................10

*InfoGation Corp. v. Google LLC*,
    No. 6:20-CV-00366-ADA, Dkt. No. 65 (W.D. Tex. April 29, 2021) ...............................1, 12

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) .............................................................................11

*MasterObjects, Inc. v. Facebook, Inc.*,
    No. 6:20-cv-00087-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021).........................12

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009).............................................................................6

*Peak Completion Techs., Inc. v. I-TEC Well Solutions, LLC*,
    No. A-13-cv-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013) ...............................12

*Polaris Innovations Ltd. v. Dell, Inc.*,
    No. SA-16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016)..........................7

*In re Samsung Elecs. Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) .................................................................12, 13, 14

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)...........................................................................5, 6

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)...........................................................................6, 15

*In re Uber Techs., Inc.*,
    852 F. App'x 542 (Fed. Cir. 2021) ........................................................................12

WEST\296609398.5

*Uniloc USA, Inc. v. Apple Inc.*,
    No. A-18-cv-990-LY, 2019 WL 2066121 (W.D. Tex. April 08, 2019) .................................12

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .........................................................................................5, 6, 11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...................................................................................... *passim*

*Wet Sounds, Inc. v. Audio Formz, LLC*,
    No. A-17-cv-141, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) .........................................14

**Statutes**

28 U.S.C. § 1400(b) .............................................................................................................................6

28 U.S.C. § 1404(a) .............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 45(c) ............................................................................................................................9

Fed. R. Civ. P. 45(c)(1)(A) .................................................................................................................10

Fed. R. Civ. P. 45(c)(1)(B) .................................................................................................................10

WEST\296609398.5

## I.     INTRODUCTION

This is a patent case with no connection to this District.  Under a straightforward application of the *Volkswagen* factors, this case should be transferred to the Northern District of California ("NDCA") because it is the clearly more convenient venue.[1]

Indeed, all of the key factors favor transfer and none favor keeping this case in this District.  Notably: (1) There are at least six key party witnesses in NDCA, and no potential witnesses who reside in the District; (2) The plaintiff, Sonrai Memory Limited ("Sonrai"), has no known connection to this District; (3) The key sources of proof (to the extent Apple has any) are in NDCA, and none are in this District; (4) Relevant third-parties and sources of proof are likely in NDCA; (5) NDCA has a local interest in this case because Apple is based there; and (6) This case is in its early stages with discovery stayed and the *Markman* hearing months away.

This case falls squarely into the category of recent cases where the Court has granted transfer under 1404(a) based, in large part, on the location of relevant witnesses – the most critical factor in the transfer analysis.  *See HD Silicon Sols. LLC, v. Microchip Tech Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021); *Caselas, LLC v. JetPay LLC,* No. 6:20-cv-01138-ADA, Dkt. No. 33 (W.D. Tex. Sept. 3, 2021); *Flexiworld Techs., Inc. v. Amazon.com, Inc.*, No. 6:20-cv-00553-ADA, Dkt. No. 101 (W.D. Tex. Aug. 2, 2021); *10Tales, Inc. v. TikTok, Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021); *InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, Dkt. No. 65 (W.D. Tex. April 29, 2021).  Because several key factors favor transfer and none of the other factors weigh against

---

[1] Apple files this motion to transfer now pursuant to the court's deadline to file transfer motions. However, should the Court grant Defendants' Opposed Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits (Dkt. No. 26), the Court would not need to decide this motion to transfer at this time.

transfer, this case should be transferred to the NDCA.

## II.   BACKGROUND FACTS

Sonrai filed suit on April 23, 2021 alleging that SanDisk/Toshiba 64L 3D NAND flash chips with the die identifier FRN1256G ("Accused Kioxia and WD Chips") infringe U.S. Patent No. 6,724,241 (the '241 Patent). Dkt. No. 1 ("Compl.") ¶¶ 1, 9. That same day, Sonrai filed suit against Kioxia Corporation ("KIC") and Kioxia America Inc. ("KAI") (together, "Kioxia") for the same chips and same patent. Kioxia (formerly Toshiba) and Western Digital Technologies, Inc. ("WD") (which owns the SanDisk brand) are the only entities to supply the Accused Kioxia and WD Chips to Apple. Decl. of Mark Rollins ("Rollins Decl.") ¶ 7. Sonrai alleges that the Accused Kioxia and WD Chips are in the Apple iPhone SE A2275. Compl. ¶ 9. The '241 patent generally relates to a "Variable Charge Pump Circuit with Dynamic Load." Compl. ¶ 8; Dkt. 1-1. The charge pump circuit is a specific circuit within the Accused Kioxia and WD Chips that are supplied to Apple ("accused feature").

### A.   Plaintiff Sonrai

Sonrai is an Irish LLC headquartered in Dublin, Ireland. Compl., ¶ 2. Sonrai does not have any known ties to this District. The '241 patent originally issued and was assigned to Atmel Corporation ("Atmel")[2] in San Jose, California with all named inventors claiming residence in Italy. Dkt.1-1. Sonrai purchased the '241 patent in a December 20, 2019 "Patent Sale and Assignment Agreement" involving Atmel. Ex. 1 ('241 Assignment).[3]

---

[2] Atmel has since been acquired by Microchip Technology, Inc. ("Microchip"), a Chandler, Arizona based company with a "significant presence in the NDCA," and this Court has recently granted a contested motion to transfer Microchip from this District to NDCA. *See HD Silicon Sols. LLC,* 2021 WL 4953884.

[3] All numbered exhibits are attached to the Declaration of Peter Maggiore ("Maggiore Decl.) filed with this motion.

### B.    Defendant Apple

Apple is a California corporation, employing more than 35,000 people who work in or around its headquarters in Cupertino.  Rollins Decl. ¶ 3.  Apple's management and primary research and development facilities are located in or near Cupertino, all of which are located in NDCA.  *Id.*  The primary operation, marketing, sales, and finance decisions for Apple also occur in or near Cupertino, and Apple business records related to product revenue are located there.  *Id.* The vast majority of that work takes place at Apple's Cupertino headquarters.  *Id.*  No Apple employees have any information regarding the research, design, development or operation of the accused charge pump circuitry within the Accused Kioxia and WD Chips that are supplied to Apple nor do Kioxia and WD share with Apple details regarding the design, development or operation of the charge pump circuitry.  *Id.* at ¶ 8.  To the extent Apple's employees have any knowledge regarding the Accused Kioxia and WD Chips, the majority are located in NDCA and none are located in this District.

Specifically, based on Apple's understanding of Sonrai's allegations, the following is a list of the U.S.-based Apple employees who are likely witnesses in this case, and the likely subject matter of their testimony.  The majority of which (including their relevant U.S.-based teams), are located in NDCA and none are located in this District (*see* Rollins Decl. ¶¶ 9-16):

| Name | Title | Relevance |
|---|---|---|
| Hsiao Thio | Director CPTO NAND Group | Qualification of the Accused Chips used in Apple's products, but has no knowledge regarding the research, design, development or operation of the accused charge pump circuitry.  Mr. Thio is located in NDCA. |

| Vincent Xie | Global Sourcing and Supply Manager NAND/Flash Group | Sourcing, price negotiation, and supply of the Accused Chips used in Apple's products, but has no knowledge regarding the research, design, development or operation of the accused charge pump circuitry.  Mr. Xie is located in NDCA. |
|---|---|---|
| Jonathan Wei | Global Supply Manager NAND/Flash Group | Sourcing, price negotiation, and supply of the Accused Kioxia Chips used in Apple's products, but has no knowledge regarding the research, design, development or operation of the accused charge pump circuitry.  Mr. Wei is temporarily located in Houston, Texas as he was hired in March 2020, right before the onset of lockdowns and Apple office closures due to the COVID-19 pandemic, and Mr. Wei is set to relocate to NDCA shortly before Apple's NDCA offices reopen. |
| Vitor Silva | Senior iPhone Product Marketing Manager | Marketing of Apple iPhone products that contain Accused Chips, but has no knowledge of any marketing related to the accused charge pump circuitry.  Mr. Silva is located in NDCA. |
| David Rockower | Attorney IP Transactions | Intellectual property licensing and commercial and product transaction agreements, but has no knowledge regarding any licenses related to technology for the accused charge pump circuitry.  Mr. Rockower is located in NDCA. |

4

| Mark Rollins | Finance Manager | Financial records and data relating to sales of Apple iPhone products that contain Accused Chips, but has no knowledge of any sales or financial data related to the accused charge pump circuitry. Mr. Rollins is located in NDCA. |
| --- | --- | --- |

## III.    LEGAL STANDARD

Under section 1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc*., 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*"). Second, the movant must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district. *Volkswagen II* at 315. As shown below, both are true here.

In evaluating convenience, the district court weighs both private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. The transferee venue need only be "*clearly* more convenient," not "*far* more convenient," for transfer to be appropriate. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014).

The convenience of the witnesses is the most important factor in the transfer analysis. *In re: Apple Inc.,* 818 F. App'x 1001, 1003 (Fed. Cir. June 16, 2020); *In re Genentech, Inc.*, 566

5

F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016).  Moreover, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338 at 1341; *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014); *In re Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018).[4]

## IV.  THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

### A.  This Case Could Have Been Brought In NDCA.

As any patent suit may be brought in "the judicial district where the defendant resides," 28 U.S.C. § 1400(b), and Apple is headquartered in Cupertino, California, within NDCA (*see* Rollins Decl., ¶ 3), venue would be proper in NDCA.

### B.  The Private Interest Factors Favor Transfer to NDCA.

The private interest factors strongly favor transfer to NDCA because the overwhelming majority of witnesses and evidence in this case (to the extent Apple has any) are located there.

#### 1.  The Ease Of Access To Sources Of Proof Strongly Favors Transfer.

When the bulk of relevant evidence is located in the requested transferee district, the ease of access to evidence factor strongly favors transfer.  "This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence . . . ." *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020).  Despite advances in technology that simplify transfer of

---

[4] The plaintiff's choice of venue is not a distinct factor in the analysis.  *Volkswagen II*, 545 F.3d at 314-15.  Nor is the location of plaintiff's counsel.  *Volkswagen I*, 371 F.3d at 206.

some electronic files, "precedent dictates the Court consider where sources of proof are *physically* located." *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *3 n.2 (W.D. Tex. Mar. 17, 2020).

In *Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016), the defendant had an Austin office with 300 employees, including at least one Austin-based engineer with knowledge of the accused products. *Id.* at *3. Still, the Court found that the bulk of the evidence was in California, and that this factor thus weighed in favor of transfer. *Id.* at *5; *see also 10Tales, Inc.*, 2021 WL 2043978, at *2 ("If TikTok were to possess any physical documentation valuable to the adjudication of this dispute, 10Tales' amended complaint implies that such information will likely come from the NDCA or somewhere else in California."). This Court recently reached a similar conclusion in *Flexiworld*. No. 6:20-cv-00553-ADA, Dkt. No. 101 at 8-9.

While Apple maintains offices in this District, the legally-mandated inquiry is where documents *relevant to this case* are located—and none of *those* are in this District. Rollins Decl. ¶¶ 9-16; *City of New Orleans Emps.' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293, 297 (5th Cir. 2013) (affirming transfer to where "the relevant documents . . . could be found," despite presence of documents "of questionable relevance" in the transferor forum (quotations omitted)); *Volkswagen II*, 545 F.3d at 316. To be clear, no Apple employees have any information regarding the research, design, development or operation of the accused charge pump circuitry within the Accused Kioxia and WD Chips that are supplied to Apple nor do Kioxia and WD share with Apple details regarding the design, development or operation of the charge pump circuitry. Rollins Decl. at ¶ 8. To the extent Apple's employees have any knowledge regarding the Accused Kioxia and WD Chips more generally, the vast majority of

Apple's witnesses with knowledge potentially relevant to this case—software engineers, product managers, marketing, licensing, and finance personnel—have all confirmed that Apple's relevant documents are largely located in NDCA.  Rollins Decl. ¶¶ 9-16.

Whatever Apple documents are located in this District are not relevant to the claims or defenses in this case.  *Id*.  And the only potential witness with any ties to Texas, Mr. Wei, is in Houston temporarily given the timing of his hiring right before the onset of lockdowns and Apple office closures due to the COVID-19 pandemic, and that, due to safety concerns, lockdowns, and continued office closures, has remained temporarily in Houston and has worked primarily from his home in Houston and has not been entering or utilizing Apple facilities in Texas or elsewhere to perform his job responsibilities.  *Id*. at ¶ 11.  Moreover, Mr. Wei is set to relocate to NDCA shortly before Apple's NDCA offices reopen.  *Id*.

Specifically, while Apple has no involvement in the research, design, and development of the accused features, the United States team responsible for qualifying[5] the Accused Kioxia and WD Chips for use in Apple's products are all located at Apple's Cupertino headquarters, with only a handful of team members located in other countries.  Rollins Decl. ¶ 9.  Apple's documents concerning the marketing, sales, financial, and licensing information for the accused products (albeit, none of which relate to the accused charge pump circuitry within the Accused Kioxia and WD Chips) are all located in or around Cupertino.  *Id*. at ¶¶ 12-16.  As such, Apple

---

[5] This qualification work has nothing to do with the accused circuit design and Apple does not modify the circuitry nor the firmware in the Accused Kioxia and WD Chips that it receives from Kioxia and WD nor does Apple have any working files or electronic documents concerning the charge pump circuit sub-component within the Accused Kioxia and WD Chips.  Rollins Decl. ¶ 9.  Apple simply integrates the Accused Kioxia and WD Chips "as is" with respect to the circuit design.  *Id*.  Mr. Hsiao also confirmed that Apple is not aware of the inner workings and operation of the Accused Kioxia and WD Chips, including the charge pump circuit sub-component within the Accused Kioxia and WD Chips.  *Id*.

has no knowledge of or documentation regarding the research, design, and development of the accused features anywhere in the United States, but to the extent Apple has anything relevant to this case, the overwhelming majority is in NDCA.

Moreover, both KAI and WD (suppliers of the accused Kioxia and WD chips) have a significant presence in NDCA and California. Ex. 11 (KAI's principal office is in San Jose, California); Ex. 12 (WD's principal office is in San Jose, California). As the suppliers of the Accused Kioxia and WD Chips, these entities (and the documents and witnesses within their possession and control) are likely to have sources of proof relevant to this matter.

Further, Atmel (now Microchip), the original assignee of the '241 patent—which may have information regarding the filing of, prosecution of, and reduction to practice of the '241 patent and related technology—was located in San Jose and Atmel's new corporate parent company, Microchip, "has a significant presence in the NDCA." Ex. 1; *HD Silicon Sols. LLC,* 2021 WL 4953884, at *1. Apple expects that Atmel/Microchip employees may be witnesses with relevant documents given its role in the filing and issuance of the '241 patent. Because Atmel was located in NDCA and Microchip "has a significant presence in the NDCA," Apple expects that its documentary evidence will also be found in NDCA and will be within the NDCA court's subpoena power. *See* Fed. R. Civ. P. 45(c); *HD Silicon Sols. LLC,* 2021 WL 4953884, at *1. Conversely, there are no unique, relevant sources of proof in this District and Atmel/Microchip is outside of this Court's subpoena power to attend trial.

### 2.   The Availability Of Compulsory Process Favors Transfer.

The availability of compulsory process factor favors transfer as important third-party witnesses are not within the subpoena power of this District but are within the subpoena power of NDCA. *See Genentech*, 566 F.3d at 1345 (compulsory-process factor "weighs in favor of transfer" where "no witness [] can be compelled to appear in the Eastern District of Texas"); *In*

*re Hoffman-La Roche, Inc*., 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (transfer favored when transferee forum has absolute subpoena power over a greater number of third-party witnesses).

A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at \*4 (W.D. Tex. Dec. 16, 2015). The ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

As noted above, Atmel/Microchip, the original assignee of the '241 patent was located in San Jose and/or "has a significant presence in the NDCA," which is within the subpoena power of the NDCA court and is a significant distance from this District. Ex. 1; *HD Silicon Sols. LLC,* 2021 WL 4953884, at \*1. "This factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x at 889; *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at \*4 (Fed. Cir. Aug. 2, 2021) ("[W]e think that the Fifth Circuit would recognize that where, as here, the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness."); *HD Silicon Sols. LLC,* 2021 WL 4953884 at \*4 (same).

### 3.   The Attendance Of Willing Witnesses Strongly Favors Transfer.

The single most important factor in the transfer analysis is the convenience of willing witnesses, and that factor strongly favors transfer here. *See Apple Inc.*, 818 F. App'x 1001 at \*2; *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at \*3 (Fed. Cir. Feb. 23, 2017); *Genentech*, 566 F.3d at 1342; *Auto-Dril*, 2016 WL 6909479 at \*7; *HD Silicon Sols. LLC,* 2021 WL 4953884,

10

at *4 ("[T]he Federal Circuit now takes the position that this Court should not accord the convenience of party witnesses less weight.") (citing *In re Juniper Networks, Inc.*, 14 F.4th 1313 (Fed. Cir. 2021)).

To the extent that this case is not stayed pursuant to Apple's customer stay motion (Dkt. No. 26), Apple's investigation has revealed at least five likely Apple witnesses who are based in NDCA, and none in WDTX.  *See* Rollins Decl., ¶¶ 9-10, 14-16.  To the extent Apple has any relevant witnesses to this case (and it does not have any witnesses knowledgeable about the accused features), the likely witnesses who will testify on behalf of Apple about the Apple products that use the Accused Kioxia and WD Chips are located in NDCA.  *Id.*  The same is true of Apple's likely witnesses knowledgeable about the marketing, sales and financial information for the accused products, as well as the likely witness on Apple's licensing function.  *Id.* ¶¶ 12-16.  These witnesses are all a short car ride from the courthouses in NDCA (*e.g.*, 15 minutes from San Jose), but more than 1,500 miles and a lengthy plane ride from Waco, Texas.  Exs. 2, 3. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.

If this case remains in this District, the Apple witnesses would need to spend days away from home and work, as opposed to several hours if the trial takes place in NDCA.  This travel burden is not insignificant and often is cited as a key reason why transfer is warranted.  *See Volkswagen II*, 545 F.3d at 317; *Flexiworld*, Dkt. No. 101 at 14 (for the cost of attendance factor, "the question is not whether a witness is *willing* to travel but whether it will be *convenient*"). This length of travel also imposes additional burdens beyond travel time, such as meal and lodging expenses.  *Volkswagen I*, 371 F.3d at 204-05; *see also In re Acer Am. Corp.*, 626 F.3d

1252, 1255 (Fed. Cir. 2010).  For all of these reasons, it would be clearly more convenient for

NDCA-based witnesses to attend trial in NDCA.  *Volkswagen II*, 545 F.3d at 317; *In re Apple,*

*Inc.*, 581 F. App'x at 889; *InfoGation*, No. 6:20-CV-00366-ADA, Dkt. No. 65 at 8 (finding this

factor favors transfer where "the cost of attendance for these witnesses will be less if the case is

tried in the SDCA than if it were tried in WDTX").

      And Apple is not aware of a single relevant individual witness in this District.  Sonrai is

an Irish LLC headquartered in Dublin, Ireland and does not have any known ties to this District.

Compl., ¶ 2.  Where the vast majority of likely witnesses are in the transferee district and none

are in the transferor district, this factor strongly favors transfer.  *See e.g., MasterObjects, Inc. v.*

*Facebook, Inc.*, No. 6:20-cv-00087-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021).

      To try to resist transfer, Sonrai likely will point to Apple's facilities in Austin.  But

although Apple has facilities in Austin, any relevant witnesses in this case are located in NDCA,

not Austin.  *See* Rollins Decl. ¶¶ 9-10, 12-16; *see also Uniloc USA, Inc. v. Apple Inc.*, No. A-18-

cv-990-LY, 2019 WL 2066121 at *3 (W.D. Tex. April 08, 2019); *Peak Completion Techs., Inc.*

*v. I-TEC Well Solutions, LLC*, No. A-13-cv-086-LY, 2013 WL 12121002 at *3 (W.D. Tex. June

26, 2013) (presence of an office and personnel in the district did not weigh against transfer

because those individuals were not likely witnesses).

      Indeed, the Federal Circuit and this Court have expressly noted that the convenience of

party witnesses should be factored into the analysis.  *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th

1371, 1379 (Fed. Cir. 2021) (granting writ and concluding the district court erred by giving "no

weight to the presence of possible party witnesses in Northern California despite this court

holding that the district court must consider those individuals," particularly where "likely

witnesses are in Northern California and none in the Western District of Texas"); *In re Uber*

*Techs., Inc.*, 852 F. App'x 542, 544 (Fed. Cir. 2021) (granting writ and concluding that "[t]he district court here relied on the same improper grounds as in *Samsung* to diminish the clear convenience of the Northern District of California."); *HD Silicon Sols. LLC,* 2021 WL 4953884, at *4. Therefore, the most important factor in the transfer analysis strongly favors transfer.

### 4.     The "All Other Practical Problems" Factor Is Neutral.

The final private interest factor, "all other practical problems that make trial of a case easy, expeditious and inexpensive," is neutral.  No court has previously overseen a case regarding the '241 patent until Sonrai filed this and six other cases in the Western District of Texas, between February and September 2021, and the recently transferred cases Sonrai filed (originally in the Central District of California) against WD and Kingston.  Because Sonrai originally elected to spread its lawsuits across different judicial districts, it cannot be heard to complain about relocating this particular litigation to the clearly more convenient NDCA.

### C.     The Public Interest Factors Favor Transfer To NDCA.

The public interest factors are all favor transfer or are neutral.

### 1.     The Court Congestion Factor Favors Transfer To NDCA.

The first public interest factor, the administrative difficulties flowing from court congestion, favors transfer to NDCA.  For starters, this Court's docket of active patent cases is much more congested than NDCA's current docket of patent cases.  As of December 27, 2021, this Court has 869 pending patent cases, 817 of which are being presided over by a single judge. Ex. 4.  In contrast, as of the same date, NDCA reported 276 pending patent cases being presided over by 18 different judges. Ex. 5.  Since January 1, 2021, 951 patent cases have been filed in this District, while only 186 patent cases have been filed in NDCA in that same timeframe.  Exs. 6, 7.  Patent cases filed before this Court have also increased exponentially since 2018. Ex. 8. Patent cases in NDCA also historically have a shorter time to dismissal than this District—a

median of 173 days for NCDA versus 200 days in this District since 2009.  Exs. 9, 10.  All of these data points support the conclusion that the WDTX is more congested than the NDCA.

Sonrai may point to this Court's practice of setting an early trial date as a factor favoring transfer.  But a fast-paced prospective schedule should not be assigned significant weight in the transfer analysis.  *See, e.g. In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) ("The district court misapplied the law to the facts of this case by relying too heavily on the scheduled trial date.  We have previously explained that a court's general ability to set a fast-paced schedule is not particularly relevant to this factor."); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380-81 (Fed. Cir. 2021) ("[W]e cannot say that the prospective speed with which this case might be brought to trial is of particular significance in these cases."); *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020) ("The [court congestion] factor concerns whether there is an appreciable difference in docket congestion between the two forums. . . .Nothing about the court's general ability to set a schedule directly speaks to that issue.").

### 2.     The Local Interest Factor Strongly Favors Transfer To NDCA.

The local interest factor also strongly favors transfer to NDCA.  NDCA has a strong local interest in this case because: (1) the work that Apple does to qualify and source the Accused Kioxia and WD Chips used in Apple's products and the marketing and financials involving those products is primarily done in NDCA; (2) Apple's headquarters are located there; and (3) all of Apple's likely witnesses are based there.  *See Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-cv-141, 2017 WL 4547916, at *4 (W.D. Tex. Oct. 11, 2017).  In contrast, Sonrai does not appear to have any connection to this District.

Although Apple does have a presence in Austin, no likely witnesses reside there.  Rollins Decl., ¶¶ 9-16.  In similar situations, this Court and others have favored transfer to the court with interests more closely connected with the issues to be tried.  *See Datascape, Ltd. v. Dell Techs.,*

*Inc.*, No. 6:19-cv-00129, 2019 WL 4254069, at *3 (W.D. Tex. June 7, 2019).  While no Apple

employees have any information regarding the research, design, development or operation of the

accused charge pump circuitry within the Accused Kioxia and WD Chips that are supplied to

Apple nor do Kioxia and WD share with Apple details regarding the design, development or

operation of the charge pump circuitry, to the extent Apple has any relevant witnesses to this

case, the likely witnesses are located in NDCA and therefore this suit "calls into question the

work and reputation of several individuals residing" in that district.  *In re Hoffman-La Roche,*

*Inc.* 587 F.3d 1333, 1336 (Fed. Cir. 2009).  Therefore, NDCA's interest in this matter is "self-

evident."  *Id.* at 1338.

    Applied here, this analysis leads to the conclusion that NDCA has a far stronger local

interest.  Notably, Apple's corporate headquarters and the vast majority of its workforce are in

NDCA—where the company was founded and where the likely Apple witnesses for this case are

located.  Rollins Decl., ¶¶ 9-10, 12-16.  This factor therefore strongly favors transfer.

### 3.    Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors.

    The last two public interest factors are neutral—there are no perceived conflicts of law,

and both districts are equally qualified to apply patent law.  *TS Tech*, 551 F.3d at 1320-21.

## V.    CONCLUSION

    For all of the reasons set forth above, Apple respectfully requests that the Court transfer

this case to NDCA because it is the clearly more convenient venue.

15

Dated: December 29, 2021

/s/ John M. Guaragna
John Guaragna (Bar No. 24043308)
**DLA PIPER LLP (US)**
303 Colorado, Suite 3000
Austin, TX 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
john.guaragna@us.dlapiper.com

Mark Fowler (*Pro Hac Vice*)
Brent Yamashita (*Pro Hac Vice*)
Carrie Williamson  (*Pro Hac Vice*)
Christian Chessman (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

Peter Maggiore (*Pro Hac Vice)*
**DLA PIPER LLP (US)**
401 B Street
Suite 1700
San Diego, California
92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2700

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Defendant has conferred with counsel for Sonrai in a good-faith effort to resolve the matter presented herein. Counsel for Sonrai opposes the instant Motion.

/s/ John M. Guaragna
John M. Guaragna

16

WEST\296609398.5

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed electronically on December 29, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service via electronic mail.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna

17